## Richmond

ROBERT L. DINGES v. J. B. HANNAH AND NATHANIEL T. WALKER.

November 25, 1946.

Record No. 3123.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston and Buchanan, JJ.

The opinion states the case.

*Williams, Cocke & Tunstall*, for the plaintiff in error.

*A. A. Bangel*, for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

J. B. Hannah, while riding as a gratuitous guest in a car owned and operated by Robert L. Dinges, was injured when that vehicle collided with another driven by Nathaniel T. Walker. To recover damages for the injuries sustained, Hannah sued the operators of both vehicles. There was a verdict in favor of Hannah against Dinges alone, upon which the trial court entered judgment, and the matter is now before us on a writ of error allowed Dinges.

The determinative issue is whether the evidence sustains the verdict and judgment predicated on the theory that Dinges was guilty of gross negligence which proximately caused Hannah's injuries. Such finding of gross negligence is necessary in order to warrant a judgment in favor of a gratuitous guest against his host under the statute. Michie's Code of 1942, sec. 2154(232), Acts 1938, ch. 285, p. 417.

Viewed in the light of the jury's verdict the facts are these: The collision occurred during daylight, on the morning of March 4, 1945. A misty rain was falling and the road was somewhat slippery. The Dinges car was proceeding westwardly along that portion of Highway No. 17 which leads from Portsmouth to Churchland, in Norfolk county. There the road is level and straight, is paved to a width of approximately sixty feet, and is flanked on each side by the usual dirt shoulder. The pavement is marked for three-lane travel.

After the car had passed over a bridge, Hannah noticed that the speedometer registered a speed of from forty to forty-five miles per hour, and inquired of Dinges whether he was driving "a little too fast." Dinges laughed and replied: "Oh, I will make it. You are not getting scared, are you."

As the Dinges car proceeded on its course at the same speed, its occupants observed some distance ahead another car going in the opposite direction. This turned out to be the Walker car. When the vehicles were some 200 yards apart, the Walker car was seen to be cutting diagonally from its proper side of the road towards the middle lane. Hannah remarked to Dinges: "Watch that car there. It

looks like there is some drunk in it." Dinges replied, "We can make it," and continued, without reducing his speed, on his proper side of the road.

When the two cars were about fifteen feet apart, the Walker car cut from the center lane into the path of the Dinges car. Dinges, who at all times had been driving on his proper side of the road, directed his car farther to the right and partly onto the dirt shoulder. However, this effort on Dinges' part to avoid a collision was unsuccessful, and the left front of his car struck the *right* front wheel of the Walker car, which was athwart the path of the Dinges car.

It developed, from the testimony of Walker, that a sudden failure of his steering gear had caused his car to cut across the highway, and that when he applied his brakes his car swerved into the path of the Dinges car.

In this situation the natural inquiry is, What was the gross negligence of Dinges which proximately caused the collision? To meet this crucial inquiry the defendant in error, Hannah, makes two contentions, neither of which, we think, is convincing.

First, he says, Dinges was proceeding in excess of the emergency war-time speed limit of thirty-five miles an hour. This is true, but there is no showing that such excessive speed caused or in any way contributed to the collision. The Dinges car was always under complete control. It did not skid, turn over, or go off its proper course as a result of its speed. See *Carroll* v. *Miller*, 175 Va. 388, 401, 9 S. E. (2d) 322, 327, in which we held that a speed of thirty-five miles per hour in a residence zone where the speed was restricted to twenty-five miles per hour, did not of itself establish gross negligence.

Again, it is argued that Dinges continued on his way after he had been warned that the oncoming Walker car was leaving its proper lane and cutting into the center lane. But this presented nothing unusual. On a three-lane road cars proceeding in both directions frequently use the middle lane. Dinges had the right to assume that the other car

would not trespass on his lane. *Johnson* v. *Kellam*, 162 Va. 757, 762, 175 S. E. 634. Not until the collision was imminent did it appear that the Walker car was coming into the lane of the Dinges car. Dinges' testimony that only fifteen feet then separated the two vehicles is not contradicted.

We are of opinion that the evidence fails to show that Dinges was guilty of gross negligence, if indeed any negligence, which proximately caused the collision.

For this reason the judgment under review must be reversed and a final judgment entered for the plaintiff in error. It is so ordered.

*Reversed and final judgment.*