# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

RICHARD L. HILL v. MARVIN BRADLEY.

June 9, 1947.

Record No. 3204.

Present, All the Justices.

The opinion states the case.

*Leon T. Seawell*, for the plaintiff in error.

*Carmel & Carmel*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This record brings under review the proceedings of a trial in which Marvin Bradley obtained a $4,000 verdict and judgment against Richard L. Hill for personal injuries sustained in an automobile accident.

The decisive question presented is whether the evidence is sufficient to convict the defendant of gross negligence.

The accident occurred about 11:30 P. M. on September 13, 1945, under the following circumstances: Hill and Bradley were friends and had been together since 6:00 P. M. At approximately 11:00 P. M. the two young men stopped at the Sweet Shop in Phoebus to meet Miss Smith and take her to Hampton. Miss Smith was seated in the coupe between Hill, the driver, and Bradley, who was seated on the right hand side with his right arm resting on the door of his car.

The highway (Route 60) from Phoebus to Hampton, at the place of the accident, is paved with brick and there are double streetcar tracks in the center. The streetcar tracks, at a left curve, had sunk from one and one-half to two inches below the surface of the highway. As the automobile was turning the curve, the rear wheels caught in the ruts of the sunken tracks; the defendant, in attempting to steer the automobile out of the ruts, lost control, and the automobile skidded to the right and struck a telephone pole which was close to the curb.

It is alleged in the notice of motion that the defendant, "in defiance of the advice and directions given him by his fellow passengers," operated his vehicle around the curve at an excessive and high rate of speed, and hence was guilty of gross negligence.

The testimony was that, while the defendant had driven over the highway on several occasions prior to the accident, he did not know of the depressions caused by the sinking of the street-car tracks, nor did he fully realize the sharpness

of the curve. He had been in the Navy since 1942 and had visited his sisters, who lived in the vicinity, only when on leave. During the previous two months, he had visited them two or three times a week. Plaintiff, on the other hand, had full knowledge of the sharpness of the curve and the fact that the streetcar tracks were sunken. He described the conditions as "a menace to driving." Miss Smith testified that she said to defendant: "Dick, please slow down," and that, at the same time or immediately thereafter, Bradley said: " 'Slow down on account of the curve,' or something." She did not remember whether the brakes were applied, "because right after that is when I remember hitting."

Bradley was asked by his own counsel: "Did he (defendant) slow down either when Miss Smith spoke to him or when you spoke to him?" He replied: "By the time we spoke he didn't have much time to slow because the curve was already in front of us." While defendant denied receiving any warning from either of his two passengers, it is apparent from their testimony that defendant did not receive the warnings in time to effectively heed them.

Miss Smith testified that the car was going fast but that she did not look at the speedometer and did not know how fast the car was traveling. Plaintiff testified that the defendant "was driving carefully but was going at a fairly good rate of speed." At another point in his testimony, he said that defendant was driving "at a fair rate of speed." In answer to the same question, repeated several times by his own counsel, he stated that defendant "was going 50 miles an hour or more." There was other evidence, denied by plaintiff, to the effect that he had said defendant was driving at the rate of 35 miles per hour, and that he said to defendant: "Don't worry. It wasn't your fault."

Whether the acts and conduct of the operator of a motor vehicle under given circumstances constitute gross negligence is generally a question of fact to be determined by a jury. But where only one reasonable inference can be drawn from such circumstances, the question becomes one of law to be determined by the court. Among the authorities,

see *Woodrum* v. *Holland,* 185 Va. 690, 40 S. E. (2d) 169; *Keen* v. *Harman,* 183 Va. 670, 33 S. E. (2d) 197; *Chappell* v. *White,* 182 Va. 625, 29 S. E. (2d) 858; *Smith* v. *Turner,* 178 Va. 172, 16 S. E. (2d) 370, 136 A. L. R. 1251; *Conant* v. *Collins,* 90 N. H. 434, 10 A. (2d) 237, 136 A. L. R. 1266, Anno. 1270.

The only reasonable inference that can be drawn from all the evidence is that, while defendant was driving carefully and "at a fair rate of speed" around the curve, the rear wheels of the vehicle were caught in the depressions or ruts made by the sinking of the streetcar tracks, and that defendant, in attempting to steer the car out of the trap, lost control, and the car skidded approximately 30 feet, striking a telephone pole five and one half feet to the right of the nearest car track.

The plaintiff has failed to establish by a preponderance of the evidence that defendant operated his automobile in such manner as to show "an utter disregard of prudence amounting to complete neglect of the safety" of his guest. *Keen* v. *Harman, supra.*

The verdict of the jury is set aside, the judgment of the trial court is reversed, and final judgment is entered here for defendant.

*Reversed and final judgment.*