# Richmond

## Benjamin M. Millard v. Simon Cohen and Sol Levine.

January 12, 1948.

Record No. 3280.

Present, Hudgins, C. J., and Eggleston, Spratley, Staples and Miller, JJ.

The opinion states the case.

*Rumble & Rumble,* for the plaintiff in error.

*Rixey & Rixey,* for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court.

Benjamin M. Millard instituted this action by notice of motion against Simon Cohen, Sol Levine, Perman Solomon and Goat Underworth to recover damages for personal injuries sustained when the automobile in which Millard was riding collided with a truck owned by Perman Solomon and operated by Goat Underworth.

The owner and the operator of the truck do not question the correctness of plaintiff's judgment against them.

The only error assigned by plaintiff in error, who was the plaintiff in the lower court, is the action of the trial court in sustaining the demurrer of Simon Cohen and Sol Levine to plaintiff's evidence.

The determination of the question depends upon whether, from the evidence for plaintiff and all fair inferences therefrom, the jury might have found Cohen, the host, guilty of gross negligence. If, so considering the evidence, the jury *might* have returned a verdict for plaintiff, the court *must* give judgment for him. Burks Pl. & Prac., 3 Ed., p. 449.

On August 23, 1946, plaintiff and his wife, who is a sister of Mr. Cohen, and Mr. Cohen and his wife, in a Plymouth sedan owned by Levine and operated by Cohen, left New York to visit relatives in Virginia. About 9:00 P. M. on the next day, the parties left Petersburg for Portsmouth. The night was dark and the four-lane traffic high-

way, Route 460, was dry. An hour later, around 10:00 P. M., the automobile collided with a truck which was parked on the highway without lights or flares. As a result of this collision, plaintiff, who was sitting on the front seat to the right of the driver, lost his right arm which, at the time of the impact, was resting on the lowered window of the right front door.

There is no conflict in the testimony. After plaintiff had examined five witnesses, he rested his case and joined in the demurrer to the evidence. Dr. Duncan, who knew nothing about the accident or its cause, testified that the injuries suffered by plaintiff were severe and permanent. The other four witnesses were plaintiff; his wife, who was sitting on the right in the rear seat; W. G. O'Brien, member of the State Police on duty in that area; and J. H. Shufflebarger, a Marine Lieutenant, who a few minutes after the accident stopped at the scene and took plaintiff to a hospital in Suffolk.

Plaintiff contends that the jury had the right to find Cohen guilty of five separate acts of negligence: (1) That he was traveling at excessive speed; (2) that he ignored the warnings of his wife; (3) that the automobile was equipped with improper lights; (4) that the brakes were defective; and (5) that he failed to keep a proper lookout.

Mr. and Mrs. Millard were the only eyewitnesses who testified to the impact of the two vehicles and the facts leading up to the accident. Both said they did not know how fast Cohen was operating the car at the time of the collision. Mrs. Millard said the car was going faster than a car ordinarily would be driven on a city street, but she could not tell the rate of speed. Mr. Millard did not know the approximate speed at which the car was traveling.

The accident occurred in a rural area on Route 460 about thirty-five miles east of the city limits of Petersburg and "around" an hour after the parties left the Petersburg hotel. As the lawful rate of speed in the rural section was fifty miles an hour, no inference of excessive speed can be drawn from the length of time elapsing from the time the

parties left Petersburg until they reached the scene of the accident.

It is contended that Cohen was unable to stop the car until he had traveled 200 feet beyond the point of impact and that his failure to stop within that space shows that he was driving at an excessive rate of speed. This is not a fair inference to be drawn from the evidence. It is true that, when Lieutenant Shufflebarger arrived on the scene soon after the impact, he stated that the car was parked in the right-hand traffic lane approximately 200 feet in front of the truck. Mrs. Millard herself said that she did not know what the car struck because "we had moved up just a bit to clear it." The fact that the car was parked in the right-hand lane in front of the truck would indicate that the car, after the impact, had been driven around the truck and parked in the right-hand lane to avoid unduly obstructing traffic on the highway.

Mr. Millard said that on a number of occasions Mrs. Cohen remarked to her husband: "Take it easy. This road is quite dark." Mrs. Millard said that Mrs. Cohen "warned" her husband "or casually said, 'Take it easy. We are on a dark road,'" but she had no idea of the speed at which he was traveling at the time this warning was given. It is not unusual for a wife to caution or admonish her husband about the manner in which he is operating an automobile, especially if she is inclined to be nervous. Inasmuch as neither of the other occupants of the car seemed to be alarmed or noticed anything unusual in the manner in which Cohen was driving, no negligence can be fairly inferred from the wife's words of admonition to her husband.

No evidence was introduced tending to show that the headlights were not burning or that the brakes were defective. In the absence of evidence to the contrary, the conclusive presumption is that the lights were burning and the brakes were in good mechanical condition.

There is no evidence tending to show that Cohen failed to keep a proper lookout other than the fact that he ran into the rear end of a truck parked on the highway.

This brings us to a consideration of the physical facts.

A Chevrolet truck, with a slat body extending three feet above the floor, had stopped in the east traffic lane with the rear end projecting at a 30-degree angle into the east center or passing lane. There were no lights burning on the truck; no reflectors in the rear. The operator of the truck had neglected to place warning flares as required by statute.

The car collided with the extreme left rear end of the truck. The testimony and the photographs of the car show damage to the right front fender, the deep dents beginning immediately back of the right front headlight. The force of the impact seems to have been near the center of the right side of the car as both the right front and the right rear doors were badly damaged. Very slight dents were apparent on the right rear fender. The front, the radiator, the hood, the top and the running board of the car apparently were not damaged. The location of the dents, scratches and other damage on the right side of the car indicates that the driver had turned to the left out of the eastbound traffic lane and was moving in the passing lane at an angle to the left at the time of the impact.

The only fair inference from the physical facts is that the driver of the car saw the parked truck in time to turn out of the eastbound traffic lane but not in time for him to avoid colliding with the body of the truck projecting into the east center traffic lane.

This reduces the issue to the question, whether a driver, who on a dark night fails to see an unlighted obstruction, which extends entirely across the right hand lane and into the passing lane, in time to avoid a collision, is guilty of gross negligence.

Numerous authorities are cited in the excellent briefs filed by the respective parties and extracts from recent cases defining gross negligence are quoted. Without attempting to review them, or to enlarge upon what we have said heretofore, suffice it to say we have held that a fair definition of the two degrees of negligence is—Simple negligence is failure to exercise ordinary care and gross negligence is conduct which shows an utter disregard of prudence amount-

ing to complete neglect of the safety of another. *Austin* v. *Austin*, 186 Va. 382, 43 S. E. (2d) 31; *Hill* v. *Bradley*, 186 Va. 394, 43 S. E. (2d) 29; *Dinges* v. *Hannah*, 185 Va. 744, 40 S. E. (2d) 179; *Mountjoy* v. *Burton*, 185 Va. 936, 40 S. E. (2d) 803; *Big Stone Gap* v. *Johnson*, 184 Va. 375, 35 S. E. (2d) 71; *Keen* v. *Harman*, 183 Va. 670, 33 S. E. (2d) 197; *Chappell* v. *White*, 182 Va. 625, 29 S. E. (2d) 858; *Chappell* v. *White*, 184 Va. 810, 36 S. E. (2d) 524; *Carroll* v. *Miller*, 175 Va. 388, 9 S. E. (2d) 322; *Thornhill* v. *Thornhill*, 172 Va. 553, 2 S. E. (2d) 318.

A person has a right to assume that everyone will obey the law and perform his duty, and to act upon that belief until the contrary appears. Justice Gregory, speaking for the court in *Harris Motor Lines* v. *Green*, 184 Va. 984, 37 S. E. (2d) 4, said the driver "had the right to assume that the road was clear ahead and that it would not be partially blocked by an unlighted, stalled truck which had not been protected by flares."

The facts in that case were that the driver of a truck owned by George R. Green parked his truck about 11:00 P. M. on Highway No. 1 just north of the city of Richmond with the right dual wheels partly on the shoulder and the left wheels on the hard surface. The driver neglected to turn on his lights or to place warning flares as required by statute. He made no attempt to remove the truck but permitted it to stay parked in this condition until about 4:00 A. M. when a truck owned by the Harris Motor Lines ran into the rear of it. As a result of the accident, both trucks were badly damaged. In an action brought by Green, the Harris Motor Lines, defendant, filed a cross claim for damages done to its truck. The jury returned a verdict for Green upon which the trial court entered judgment. On review by this court, we held that both parties were negligent and neither was entitled to recover.

Justice Gregory, speaking for the court at page 990, said: "We are not permitted to measure and compare the negligence of the drivers. If we were we would be

bound to agree with the trial court and find that the driver of the Green truck was guilty of gross negligence while the other driver was only guilty of a failure to exercise ordinary care."

■ "Whether the acts and conduct of the operator of a motor vehicle under given circumstances constitute gross negligence is generally a question of fact to be determined by a jury. But where only one reasonable inference can be drawn from such circumstances, the question becomes one of law to be determined by the court." *Hill* v. *Bradley*, 186 Va. 394, 395, 43 S. E. (2d) 29.

■ The facts in the case are not in dispute. The only just and fair inference that a jury might have drawn from the physical facts is that the driver of the car was guilty of ordinary negligence in that he failed to see the obstruction in time to avoid the collision. This failure to see the obstruction, under the circumstances, falls short of conduct which shows an utter disregard of prudence amounting to complete neglect of the safety of his guest.

The judgment of the trial court is affirmed.

*Affirmed.*