9 N.J. Super. 55 (1950)
GUSTAV TURK, PLAINTIFF-APPELLANT,
v.
ARTHUR TURK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 5, 1950.
Decided July 14, 1950.
*56 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. James A. Major argued the cause for appellant (Mr. Joseph H. Gaudielle, attorney).
Mr. George F. Losche argued the cause for respondent (Messrs. Selser & Shenier, attorneys).
The opinion of the court was delivered by COLIE, J.A.D.
This appeal brings up a judgment in favor of defendant entered by the court on motion for involuntary dismissal at the close of the case.
The plaintiff and defendant are father and son. The son requested his mother to drive the car to him in Louisiana and invited the father to accompany her. While driving in Virginia the car ran off the road, rolled down an embankment into a stream. The plaintiff sued to recover damages for the severe injuries he received. The plaintiff's wife received injuries from which she died.
The evidence, when the action under review was taken, disclosed that the car was going along Route 11, a two-lane highway, between 45 and 50 miles an hour in the forenoon. Snow and ice lay alongside the road and as the car approached *57 a 45-degree curve, the plaintiff, seeing what looked like snow or ice, said: "Mama, please slow down. It is dangerous. The road looks as if there is ice on it." The deceased replied: "Papa, are you afraid?", accelerated to 55 miles an hour, went into a spin, tore through a fence and rolled down an embankment. A Virginia State Trooper testified that there was a 30-foot strip of ice on the highway at the curve, caused by the melting of snow at the side and running across the highway and freezing during the night. At the point of the accident, the hillsides shade the road and the sun does not hit the highway until 11 or 12 o'clock. The accident happened before 11 A.M.
The complaint was grounded upon the "grossly reckless and negligent manner" of operation. More specifically:
"(a) In operating the said automobile at a high and excesive rate of speed with knowledge of the fact that the said highway was in an icy condition.
"(b) In operating the said automobile at a high and excesive rate of speed with knowledge of the fact that a pronounced curve existed in the highway which required that the speed of the automobile be abated."
In an amended answer the defendant pleaded the Virginia statute that "No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation and no personal representative of any such guest so transported shall be entitled to recover damages against such owner or operator for death or injury to the person or property of such guest resulting from the operation of such motor vehicle, unless such death or injury was caused or resulted from a gross negligence or wilful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator," and asserted that as the act has been interpreted by the highest court of the appellate jurisdiction in the State of Virginia, the above-named plaintiff, Gustav Turk, does not now have, nor has he had any cause of action for damages against the said defendant, Arthur Turk.
*58 On the motion for dismissal, the defendant's counsel submitted to the court certain decisions of the Virginia courts. We quote from the record:
"I am submitting to your Honor 5 cases, all of which seem to deal with the same comparable situation.
"Bogss [Boggs] v. Plybon, 160 Southeastern 77. Keene [Keen] v. Harman, 33 Southeastern, Second Series, 197. Hill v. Bradley, 43 Southeastern, Second Series, 29. Lennon v. Smith, 2 Southeastern, Second Series, 340. Hale v. Hale, 13 Southeastern, Second Series, 221.
"Those are all Virginia cases. I submit those cases for your Honor's perusal, and respectfully submit, on the plaintiff's opening and on those cases, there should be a dismissal.
"Of course, the plaintiff admits the Virginia law."
We are not clear whether defense counsel's remark, "Of course, the plaintiff admits the Virginia law," meant not only the statute above quoted and also the decisions construing it, and no objection was made to submitting the five cited cases to the court.
In Keen v. Harman, 183 Va. 670, 33 S.E.2d 197 (Va. Sup. Ct. App. 1945), in dismissing the suit the court said: "No reasonable estimate of the rate of speed of the truck can be made from the tracks described in this record.
"The burden was on the plaintiff to establish by a preponderance of the evidence that the host operated his truck in such manner as to show `an utter disregard of prudence amounting to complete neglect of the safety' of his guest." The opinion points out that there was no skidding, that the plaintiff's witnesses stated that the truck may have been going 20 miles an hour and aptly said that such speed does not indicate the "utter disregard of prudence" rule. In Hill v. Bradley, 186 Va. 394, 43 S.E.2d 29 (Va. Sup. Ct. App. 1947), the court reversed a judgment for plaintiff because it found that "the only reasonable inference that can be drawn from all the evidence is that, while defendant was driving carefully and `at a fair rate of speed' around the curve, the rear wheels of the vehicle were caught in the depressions or ruts * * * and that defendant, in attempting to steer the *59 car out of the trap, lost control * * *." Earlier in its opinion the court said: "Whether the acts and conduct of the operator of a motor vehicle under given circumstances constitute gross negligence is generally a question of fact to be determined by a jury."
In this case there is present an important element which even under the stringent rule enunciated by the Virginia courts would seem to require that the question of whether or not the driver of the Turk car was guilty of gross negligence or wilful and wanton disregard of the safety of the plaintiff should go to the jury. That element is the deliberate act of speeding up the car on a 45-degree curve in the face of a warning that the "road looks as if there is ice on it." We think it was for the jury to say whether, under the given circumstances, that tragic act of bravado did not constitute an utter disregard of prudence amounting to complete neglect of the passenger's safety.
The judgment is reversed and the cause remanded for a new trial.