PRESENT: All the Justices

CHANCY M. ELLIOTT, ADMINISTRATOR
OF THE ESTATE OF CALEB MCKINLEY
SMITH, DECEASED

OPINION BY
v. Record No. 160224                           JUSTICE S. BERNARD GOODWYN
                                                October 27, 2016

TREVOR CARTER

FROM THE CIRCUIT COURT OF RICHMOND COUNTY
Harry T. Taliaferro, III, Judge

In this appeal, we consider the evidence required to submit a question of gross negligence

to a jury.

BACKGROUND

This matter arises from a wrongful death suit brought by Chancy M. Elliott (Elliott) on

behalf of the estate of Caleb McKinley Smith (Caleb), alleging gross negligence on the part of

Trevor Carter (Carter), the peer leader of Caleb's Boy Scout troop, after Caleb drowned on a

Scout camping trip. The material facts are not in dispute.

On June 25, 2011, Caleb was a 13-year-old Boy Scout on an overnight camping trip with

his troop along the Rappahannock River near Sharps, Virginia. Carter, then 16 years old, was

the Senior Patrol Leader, the troop's peer leader. Caleb had been taking lessons to learn how to

swim—he had had one from Carter that morning—but he could not yet swim.

At about 11:00 a.m., Carter led Caleb and two other Boy Scouts into the river along a

partially submerged sandbar. One of the other two Scouts could swim (Scott), and the other

could not (Elijah).

When they were approximately 150 yards into the river, Carter and Scott decided to swim

back to shore. Carter told Caleb and Elijah to walk back to shore the way they had come, along

the sandbar. As Caleb and Elijah walked back to shore along the sandbar, they both fell into

deeper water. Caleb yelled to Carter for help and Carter attempted to swim back and rescue him. Although Elijah was rescued, neither Carter nor three adult Scout leaders, who attempted to assist, were able to save Caleb.

Elliott filed a wrongful death action in the Circuit Court of Richmond County against Carter, four adult Scout leaders, the Boy Scouts of America, and the affiliated Heart of Virginia Council, Inc. (collectively, Defendants), alleging that they had failed to adequately supervise Caleb. The court granted the Defendants' demurrer asserting charitable immunity.

Elliott amended her complaint to allege both gross and willful and wanton negligence by Carter and gross negligence by the four adult Scout leaders, and demanded a jury trial.[*] Defendants filed a motion for summary judgment arguing that, based upon undisputed material facts, there was no gross negligence because there was no complete lack of care alleged and the danger of drowning was open and obvious. Defendants relied upon Elliott's responses to requests for admission and allegations in the amended complaint in establishing the undisputed material facts.

Following a hearing and supplemental briefing, the court granted the motion for summary judgment as to all Defendants. It found that, while the undisputed material facts would be sufficient to submit the question regarding a claim of simple negligence to a jury, the facts did not support a claim for gross negligence, because in Virginia, "there is not gross negligence as a matter of law where there is even the slightest bit of care regardless of how insufficient or ineffective it may have been," and there was evidence that Carter did try to save Caleb.

---

[*] Elliott non-suited the actions against the Boy Scouts of America and the Heart of Virginia Council, Inc.

2

Elliott appeals the ruling of the circuit court only as to Carter. On appeal, she argues that the circuit court erred in granting summary judgment and in concluding that, as a matter of law, a jury could not find Carter's actions constituted gross negligence.

ANALYSIS

"In an appeal from a circuit court's decision to grant or deny summary judgment, this Court reviews the application of law to undisputed facts de novo." *St. Joe Co. v. Norfolk Redev't & Hous. Auth.*, 283 Va. 403, 407, 722 S.E.2d 622, 625 (2012).

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487, 603 S.E.2d 916, 918 (2004).

> It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care. Several acts of negligence which separately may not amount to gross negligence, when combined may have a cumulative effect showing a form of reckless or total disregard for another's safety. Deliberate conduct is important evidence on the question of gross negligence.

*Chapman v. City of Virginia Beach*, 252 Va. 186, 190, 475 S.E.2d 798, 800-01 (1996) (citations and internal quotation marks omitted). Gross negligence "requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness." *Cowan*, 268 Va. at 487, 603 S.E.2d at 918; *see also Thomas v. Snow*, 162 Va. 654, 661, 174 S.E. 837, 839 (1934) ("Ordinary and gross negligence differ in degree of inattention"; while "[g]ross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence," "it is something less than . . . willful, wanton, and reckless conduct.").

"Ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by a jury. Nevertheless, when persons of reasonable minds could not differ

3

upon the conclusion that such negligence has not been established, it is the court's duty to so rule." *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987). Because "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy," a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care. *Kuykendall v. Young Life*, 261 Fed. Appx. 480, 491 (4th Cir. 2008) (relying on *Frazier*, 234 Va. at 392, 362 S.E.2d at 690-91, *Chapman*, 252 Va. at 190, 475 S.E.2d at 801, and *Cowan*, 268 Va. at 486-87, 603 S.E.2d at 918 to interpret Virginia law); *see, e.g., Colby v. Boyden*, 241 Va. 125, 133, 400 S.E.2d 184, 189 (1991) (affirming the circuit court's ruling that the plaintiff failed to establish a prima facie case of gross negligence when the evidence showed that the defendant "'did exercise some degree of diligence and care' and, therefore, as a matter of law, his acts could not show 'utter disregard of prudence amounting to complete neglect of the safety of another'").

Here, even viewing the evidence in the light most favorable to Elliott, the non-moving party, as required in considering a motion for summary judgment, *Commercial Business Systems v. Bellsouth Services*, 249 Va. 39, 41-42, 453 S.E.2d 261, 264 (1995), the undisputed material facts support the conclusion that Carter exercised some degree of care in supervising Caleb. Therefore, his conduct did not constitute gross negligence.

First, it is not alleged that Caleb had any difficulty walking out along the sandbar with Carter. Second, there is no allegation that Carter was aware of any hidden danger posed by the sandbar, the river or its current. Third, Carter instructed Caleb to walk back to shore along the same route he had taken out into the river, and there was no evidence that conditions changed such that doing so would have been different or more dangerous than initially walking out, which was done without difficulty. Finally, Carter tried to swim back and assist Caleb once Caleb

4

slipped off the sandbar, which is indicative that Carter was close enough to attempt to render assistance when Caleb fell into the water, and that Carter did attempt to render such assistance. Thus, although Carter's efforts may have been inadequate or ineffectual, they were not so insufficient as to constitute the indifference and utter disregard of prudence that would amount to a complete neglect for Caleb's safety, which is required to establish gross negligence.

Because a claim of gross negligence must fail as a matter of law when there is evidence that the defendant exercised some degree of diligence and care, the circuit court did not err in finding that no reasonable jurist could find that Carter did nothing at all for Caleb's care. As such, there was no question for the jury, and the circuit court properly granted Carter's motion for summary judgment.

Accordingly, the judgment of the circuit court will be affirmed.

*Affirmed*.

JUSTICE McCULLOUGH, with whom JUSTICE MIMS joins, dissenting.

Ordinarily, whether gross negligence has been established is a matter of fact to be decided by a jury. *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987). Of course, when "persons of reasonable minds could not differ upon the conclusion that such negligence has not been established, it is the court's duty to so rule." *Id.* In my view, the facts presented in this tragic case were sufficient to present a jury question. Accordingly, I respectfully dissent.

Here, Caleb could not swim, a fact that was known to the defendants. He did not walk out on his own into the river. Rather, he was led, without a life jacket or other safety equipment, over a partially submerged sandbar far into the river. The complaint alleges that "the

Rappahannock River . . . is a major river with a strong current." Caleb was then abandoned on a sandbar in the middle of the river and told to walk back. A partially submerged sandbar in the middle of a river with a strong current is a very dangerous place to be, particularly for a non-swimmer without a life vest. Ever-shifting sandbars, obviously, are not stable structures. They can easily dissipate. A major river with strong currents like the Rappahannock presents a different situation than a tranquil pond. Carter then swam away too far to effectuate a rescue should Caleb slip and fall into the river. In my view, "reasonable persons could differ upon whether the cumulative effect of these circumstances constitutes a form of recklessness or a total disregard of all precautions, an absence of diligence, or lack of even slight care." *Chapman v. City of Virginia Beach*, 252 Va. 186, 191, 475 S.E.2d 798, 801 (1996).

I would also find that the purported acts of slight care, separated in time and place from the gross negligence at issue, do not take the issue away from the jury. The only two acts of slight care the defendants identify are the fact that Caleb was given a swimming lesson before he drowned – but there is no indication that Caleb could swim – and that Carter, after swimming too far away to make any rescue effectual, tried to swim back to save Caleb *after he had fallen into the river*. Significantly, Carter led Caleb into danger in the first place. When the defendant has led the plaintiff into danger, an ineffectual and doomed to fail rescue attempt does not in my judgment take away from the jury the question of gross negligence. Accordingly, I would reverse and remand the case for a trial by jury.