PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 171224

TROY LAMAR GIDDENS, SR.

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
July 19, 2018

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge Designate

The Commonwealth appeals from a judgment dismissing its petition to have Troy Lamar

Giddens, Sr., civilly committed as a sexually violent predator.  The Commonwealth argues that

the trial court misapplied the relevant statute, Code § 37.2-905.1, and, moreover, that the

evidence does not support dismissal.  For the reasons noted below, we agree with the

Commonwealth.

BACKGROUND

Giddens was convicted of carnal knowledge and attempted carnal knowledge, in violation

of Code §§ 18.2-26 and 18.2-63.  These convictions constitute "sexually violent offenses" under

the Civil Commitment of Sexually Violent Predators Act ("SVP Act").  *See* Code § 37.2-900 *et*

*seq*.  Under the statute in effect at the time, the Director of the Department of Corrections

("Director") was required to forward to the Commitment Review Committee ("CRC") the name

of an eligible inmate who "receive[s] a score of five or more on the Static-99."  *See* Code §§

37.2-903(B), (D) and (E).[1]  The Static-99 is a test designed to assess the recidivism risk of adult

male sexual offenders that has long been recognized in the Commonwealth.  *See Commonwealth*

---

[1] A 2018 amendment to Code §§ 37.2-903(B) removed, among other things, the specific reference to the Static-99 in favor of "an evidence-based assessment protocol approved by the Director and the Commissioner."  2018 Acts. ch. 841.  This amendment was not in effect at the time of Giddens' 2016 assessment.

*v. Miller*, 273 Va. 540, 546, 643 S.E.2d 208, 211 (2007) (observing that "the Static-99 . . . is used to predict sex offender recidivism"); *Commonwealth v. Garrett*, 276 Va. 590, 610, 667 S.E.2d 739, 750 (explaining that "the Static-99 [is] one of the standardized tests used by mental health professionals to determine the likelihood of a sex offender to re-offend") (Kinser, J., concurring); *Commonwealth v. Allen*, 269 Va. 262, 278, 609 S.E.2d 9, 15 (2005) (noting that "the Static-99 [is] an actuarial risk assessment test designed to predict sex offender recidivism"). A score of five on this test instrument correlates with a "statistical risk of re-offending [of] 33% within five years," *Commonwealth v. Squire*, 278 Va. 746, 750, 685 S.E.2d 631, 633 (2009). Giddens scored a five on the Static-99, and, accordingly, the Director of the Department of Corrections forwarded his name to the CRC. Code § 37.2-903(B). Dr. Glenn Rex Miller, Jr., a licensed clinical psychologist, evaluated Giddens and concluded that he met the criteria of a sexually violent predator. Giddens did not cooperate with Dr. Miller, so Dr. Miller relied on available records in making his recommendation.

The Commonwealth then filed a petition in the Circuit Court of the City of Newport News pursuant to the SVP Act to have Giddens civilly committed as a sexually violent predator. Giddens responded with a motion to dismiss in which he contended that he was ineligible for referral to the CRC. He grounded his argument on a claim that the Director incorrectly calculated his Static-99 score. The Static-99 instrument considers, among other things, whether the subject of the test has ever, "lived with [a] lover for at least two years." If the test subject has lived with a lover for two years, no points are assigned; if the subject has not, the test assigns one point. Giddens asserted that he lived with a romantic partner for at least two years and, therefore, the Director of the Department of Corrections did not properly score the Static-99. Giddens claimed that, without the erroneously assigned point, he should have received a score of

2

four, rather than five, on the assessment. As a result, he argued, he did not meet the minimum

Static-99 score mandating evaluation as a sexually violent predator under Code § 37.2-903(B).

Giddens relied on *Shelton v. Commonwealth*, 274 Va. 121, 645 S.E.2d 914 (2007), in contending

that his case should be dismissed.

The Commonwealth responded that it had substantially complied with the screening

provisions of the SVP Act and, further, that the screening statutes are procedural rather than

substantive or jurisdictional. Code § 37.2-905.1. Giddens did not allege that the Commonwealth

failed to substantially comply with the provisions of Code § 37.2-903, in accordance with Code §

37.2-905.1.[2]

At a hearing on the motion to dismiss, Giddens and his brother testified that Giddens had

lived with two romantic partners, one of whom was his wife, for more than two years each.

Neither of the women Giddens claimed to have lived with for this period of time testified, and

Giddens offered no other witnesses or corroborating evidence. The Commonwealth challenged

this testimony as inconsistent with (1) the record of Giddens's 2012 Sexually Violent Predator

Evaluation by Dr. Stephen C. Ganderson, including his interview with Dr. Ganderson, (2) the

records of Dr. Miller, who conducted Giddens' 2016 Sexually Violent Predator Evaluation, and

(3) the records before the Director in 2012 and 2016. The Commonwealth also noted that

Giddens had been scored on the Static-99 four times in the last five years and had scored at least

a five on each occasion.

---

[2] We do not resolve in this appeal whether a prisoner seeking the dismissal of
commitment proceedings must allege, in a pleading, that there was no substantial compliance.
That question is not before us.

3

Giddens also testified that upon learning that he had scored a five on his most recent Static-99 evaluation, he wrote the Sex Offender Screening and Assessment Unit seeking a correction of what he contended was an incorrect score. He did not receive a response. Giddens next filed a formal grievance with the Department of Corrections. The Department of Corrections declined to act on his grievance, telling Giddens it was a matter for the court to decide. Giddens then wrote the Attorney General's Office asking that office to correct his Static-99 score. It does not appear that office took any action in response.[3]

The trial court granted the motion to dismiss, concluding that the burden was on the Commonwealth to prove that Giddens is eligible for the sexually violent predator program and that the Commonwealth failed to show that the Static-99 was scored correctly. The Commonwealth filed a motion to reconsider, pointing out that, under Code § 37.2-905.1, Giddens bears the burden to prove that the Commonwealth failed to substantially comply with the screening provisions of the SVP Act and, moreover, Giddens must show gross negligence or willful misconduct to prevail. Following argument of counsel, the court denied the motion for reconsideration.

ANALYSIS

In *Shelton v. Commonwealth*, 274 Va. 121, 645 S.E.2d 914 (2007), we dismissed with prejudice proceedings brought against a prisoner under the SVP Act. We did so on the basis that minimum test scores which were – at that time – specifically enumerated in the text of the SVP Act, were statutory requirements, not procedural safeguards, and the prisoner's score on a test fell below the minimum score that qualified an inmate for further evaluation under the SVP Act.

---

[3] Under the Code, the screening decision rests with the Director, not the Attorney General. *See* Code § 37.2-903.

4

*Id.* at 129, 645 S.E.2d at 918. After *Shelton*, however, a new provision of the SVP Act went into effect. That amendment, codified at Code § 37.2-905.1, provides as follows:

> The provisions of §§ 37.2-903, 37.2-904, and 37.2-905 are procedural and not substantive or jurisdictional. Absent a showing of failure to follow these provisions as a result of gross negligence or willful misconduct, it shall be presumed that there has been substantial compliance with these provisions.

2007 Acts ch. 876, as revised by 2009 Acts ch. 740. The enactment of Code § 37.2-905.1 altered the applicable standard. Consequently, *Shelton* is no longer good law.

Under the plain language of Code § 37.2-905.1, the Director benefits from a presumption that he substantially complied with the screening provisions of Code §§ 37.2-903, 37.2-904, and 37.2-905. To succeed on a motion to dismiss an SVP proceeding, a defendant must first show that the Director failed to follow these screening statutes, and, second, that the failure to follow the applicable Code provisions was the "result of gross negligence or willful misconduct." Code § 37.2-905.1.

The trial court did not expressly cite or discuss Code § 37.2-905.1 in granting the motion to dismiss. Nevertheless, the Commonwealth relied on the statute at trial. We will assume that the trial court considered the statute in reaching its decision and focus our analysis on whether the evidence supports a finding of gross negligence.[4] "In reviewing the sufficiency of the evidence, '[w]e consider the evidence in the light most favorable to the . . . prevailing party in the circuit court, and we accord the [prevailing party] the benefit of all reasonable inferences deducible from the evidence.'" *Riley v. Commonwealth*, 277 Va. 467, 482-83, 675 S.E.2d 168, 177 (2009) (quoting *Britt v. Commonwealth*, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008)).

---

[4] Giddens does not claim any willful misconduct.

5

We will affirm the judgment of a trial court "unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it."  Code § 8.01-680.

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487, 603 S.E.2d 916, 918 (2004).

> It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care.  Several acts of negligence which separately may not amount to gross negligence, when combined may have a cumulative effect showing a form of reckless or total disregard for another's safety.  Deliberate conduct is important evidence on the question of gross negligence.

*Chapman v. City of Virginia Beach*, 252 Va. 186, 190, 475 S.E.2d 798, 800-01 (1996) (citations and internal quotation marks omitted).  Gross negligence "requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness."  *Cowan*, 268 Va. at 487, 603 S.E.2d at 918; *see also Thomas v. Snow*, 162 Va. 654, 661, 174 S.E. 837, 839 (1934) ("Ordinary and gross negligence differ in degree of inattention." While "[g]ross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence . . . it is something less than . . . willful, wanton, and reckless conduct.").  Because "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy, a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care."  *Elliott v. Carter*, 292 Va. 618, 622, 791 S.E.2d 730, 732 (2016) (alteration in original).

"Ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by [the factfinder].  Nevertheless, when persons of reasonable minds could not

6

differ upon the conclusion that such negligence has not been established, it is the court's duty to so rule." *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987).[5]

Giddens argues that the Commonwealth's failure to investigate his complaint about the accuracy of his Static-99 score constitutes gross negligence. We disagree. Contrary to Giddens' testimony that he lived with his wife for a period in excess of two years, a pre-sentence report from August 10, 2001, indicated that he met his wife in August of 2000 and married her two months later in October of 2000. A Central Classification Services Survey from March 26, 2002, indicates that he and his wife lived together for a year and a half. Giddens never offered the testimony of his wife or the other woman Giddens claimed to have lived with in excess of two years. In addition, when scoring the Static-99, the Department had documentary evidence that Giddens had previously scored a five or higher on this test four times in the past five years. In short, the Director was not negligent, much less grossly negligent, for rejecting extensive

---

[5] *See also City of Lynchburg v. Brown*, 270 Va. 166, 171, 613 S.E.2d 407, 410 (2005) (reversing the trial court's judgment because the city's conduct did not rise to the level of gross negligence); *Colby v. Boyden*, 241 Va. 125, 133, 400 S.E.2d 184, 189 (1991) (affirming a circuit court ruling that the plaintiff did not establish a prima facie case of gross negligence); *Meagher v. Johnson*, 239 Va. 380, 384, 389 S.E.2d 310, 312 (1990) (holding that, "as a matter of law, [the defendant's] acts did not constitute gross negligence, and, therefore, the trial court erred in denying [the defendant's] motion to strike"); *Grasty v. Tanner*, 206 Va. 723, 729, 146 S.E.2d 252, 256 (1966) (finding the plaintiff failed to show gross negligence); *Laster v. Tatum*, 206 Va. 804, 809, 146 S.E.2d 231, 234 (1966) (reversing the trial court because the evidence was not sufficient to support a jury verdict of gross negligence); *Finney v. Finney*, 203 Va. 530, 534, 125 S.E.2d 191, 193 (1962) (reversing because the evidence demonstrated negligence but did not rise to the level of gross negligence); *Dishman v. Pitts*, 202 Va. 548, 555, 118 S.E.2d 509, 513 (1961) (finding the evidence insufficient to demonstrate gross negligence); *Lloyd v. Green*, 194 Va. 948, 956, 76 S.E.2d 190, 195 (1953) (reversing judgment because the evidence did not establish gross negligence as a matter of law); *Dinges v. Hannah*, 185 Va. 744, 747, 40 S.E.2d 179, 181 (1946) (reversing the trial court's verdict because the evidence did not support a finding of gross negligence); *Richter v. Seawell*, 183 Va. 379, 383, 32 S.E.2d 62, 64 (1944) (finding the evidence did not show gross negligence was the proximate cause); *Carroll v. Miller*, 175 Va. 388, 401, 9 S.E.2d 322, 327 (1940) (finding the evidence did not support a finding of gross negligence).

documentary evidence at the screening stage in favor of the otherwise uncorroborated, impeached, and self-interested testimony of an inmate and his brother.

In addition, the fact that the trial court believed the testimony offered by Giddens and his brother does not in hindsight render the Director's approval of Giddens' score of five on the Static-99 grossly negligent. The Director's decision was not grossly negligent at the time he made it and his refusal to either alter the Static-99 score or to investigate Giddens' complaint was perfectly sensible under the circumstances. In short, in relying on the documentary evidence before him, the Director exercised due care. A finding of gross negligence is utterly unjustified on this record.

## CONCLUSION

We will reverse the judgment below, vacate the order of dismissal, and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

8