Present: All the Justices

GERALD G. WILKINS

v. Record No. 022983

OPINION BY
JUSTICE DONALD W. LEMONS
October 31, 2003

PENINSULA MOTOR CARS, INC.

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Edward L. Hubbard, Judge

In his suit against Peninsula Motor Cars, Inc.

("Peninsula"), a jury awarded Gerald G. Wilkins ("Wilkins")

enhanced damages of $12,000, a sum conceded by Peninsula to

represent the trebling of $4,000 in actual damages under the

Virginia Consumer Protection Act, Code §§ 59.1-196 to -207

("VCPA"). By agreement of the parties, the issue of

attorney's fees and costs pursuant to Code § 59.1-204(B) was

reserved for determination by the trial court and was later

fixed at $34,183. Also, in his claim for common law fraud,

the jury awarded Wilkins $1,862.86 in actual damages and

$100,000 in punitive damages. In this appeal, we consider

whether the trial court erred in requiring Wilkins to elect

between his remedies.

I. Facts and Proceedings Below

On March 30, 1999, Gerald Wilkins purchased a 1998 BMW

540I from Peninsula. An employee of Peninsula represented to

Wilkins that the car was new despite the fact that the car's

odometer had recorded 972 miles.  In fact, the car had been previously titled and was considered a used car.

Wilkins discovered Peninsula's misrepresentations when he received the title to the car in the mail.  Wilkins brought an action against Peninsula for fraud, violation of the VCPA, and violation of the federal Odometer Act.  After the close of evidence, the trial court struck the Odometer Act claim.

After the jury returned the verdict and in response to a motion by Peninsula, the trial court required Wilkins to elect between the two verdicts.  The trial court explained that Wilkins had "advanced two alternative theories of recovery based on a single transaction or occurrence" and ruled that allowing Wilkins to receive both verdicts would permit a double recovery for his loss.

Wilkins conceded that receiving both $100,000 punitive damages for the fraud claim and the additional $8000 above actual damages for his claim under the VCPA would constitute a double recovery.  He also conceded that receiving both $1,862.86 under the fraud claim and $4000 of the $12,000 enhanced damages under the VCPA claim would constitute double recovery of actual damages. However, Wilkins maintained that no election between the two verdicts should be required and that he should receive $4,000 in compensatory damages, $100,000 in punitive damages, and the attorney's fees

2

associated with his VCPA claim.  The trial court held that by "awarding damages under the VCPA and the plaintiff's fraud cause of action, the jury essentially compensated the plaintiff and punished the defendant twice."  Wilkins appeals the adverse judgment of the trial court requiring his election between verdicts based upon separate causes of action.

## II.  Analysis

The issue before us involves a question of law.  We review de novo the trial court's determination that Wilkins was required to elect between his verdicts.  Eure v. Norfolk Shipbldg. & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002).

The genus of election of remedies has many species. This case is not about claims that are irreconcilable, such as a claim for rescission of the contract accompanied by a claim for specific performance.  Nor does this issue involve questions of election between remedies at law or in equity. The only election of remedies issue presented in this case is whether the bar against double recovery justifies the trial court's requirement that Wilkins elect between verdicts.  We had previously stated that the trial court must assure that a verdict, while fully and fairly compensating a plaintiff for loss, does not include duplicative damages.  Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 113, 413 S.E.2d 611, 621-

22 (1992). While the precise circumstances presented by this case have not been addressed in Virginia, the principles resolving the matter are not unfamiliar.

In determining whether multiple damage awards constitute impermissible double recovery, the trial court must consider the nature of the claims involved, the duties imposed and the injury sustained. Advanced Marine Enterprises v. PRC Inc., 256 Va. 106, 124, 501 S.E.2d 148, 159 (1998). In Advanced Marine, the trial court had entered judgment of treble damages on a claim pursuant to Code § 18.2-499 and -500 for conspiracy to injure plaintiff in its reputation, trade, business or profession. Additionally, the trial court had entered judgment for punitive damages on three separate counts involving "breach of fiduciary duty, intentional interference with contractual relations, and intentional interference with prospective business and contractual relations." Id. Concluding on appeal that the awards were not duplicative, we stated:

> The awards of punitive and treble damages were based on separate claims involving different duties and injuries. . . . To prevail in its business conspiracy claim, PRC was required to prove that the defendants combined, associated, agreed, or acted in concert together for the purpose of willfully and maliciously injuring PRC in its business "by any means whatever." Code § 18.2-499. In contrast the [other claims] do not require such proof and relate solely to the employment relationship between PRC and the

4

> PRC Managers and employees.  Thus, the
> chancellor did not err in awarding PRC both
> punitive and treble damages.

Id. at 124-25, 501 S.E.2d at 159.

However, when the claims, duties, and injuries are the same, duplicative recovery is barred.  In Moore v. Virginia Int'l Terminals, 254 Va. 46, 49, 486 S.E.2d 528, 529 (1997), we affirmed the right of an injured worker to seek compensation under either or both the federal Longshore Act and the state workers' compensation statutes, but "[t]he claimant, however, is entitled to only a single recovery for his injuries."

Unlike the circumstances presented in Advanced Marine, the causes of action brought by Wilkins have the potential for duplication of damages.  However, Wilkins concedes that he is only entitled to one award of compensatory damages, one award of exemplary damages, and one award of attorney's fees.  He does not seek a judgment for the actual damages awarded in the VCPA claim in addition to the actual damages awarded in the fraud claim.  He maintains that the trebled portion of the verdict under the VCPA is in the nature of exemplary or punitive damages and does not seek recovery of that portion of the award in addition to the punitive damage award.[*] Wilkins

---

[*] Consequently, we are not presented with the issue whether the enhanced damages under the statutory conspiracy

5

argues that judgment should be entered in his favor for $4,000 actual damages (from the VCPA claim), $100,000 punitive damages (from the fraud claim), and $34,183 in attorney's fees and costs (ancillary to the VCPA claim). Acknowledging that the trial court was required to assure that there was not duplicative recovery, he argues that the trial court erred in requiring him to elect between his verdicts based upon the different causes of action. We agree with Wilkins.

This case does not present irreconcilable causes of action which would require Wilkins to elect between them. Rather, this case involves causes of action with different elements of proof and potentially duplicative damage awards. In these circumstances, Wilkins is entitled to full and fair compensation but not duplicative compensation. The trial court erred in requiring Wilkins to choose between causes of action, when all that was required was supervision of the damage awards to avoid double recovery.

Additionally, Peninsula argues that an award of attorney's fees and costs under the VCPA is duplicative of punitive damages. The plain language of the statute defeats this argument. Code § 59.1-204(B) clearly states,

---

claim are duplicative of the punitive damages in the fraud claim. See United Laboratories, Inc. v. Kuykendall, 437 S.E.2d 374 (N.C. 1993).

"Notwithstanding any other provision of law to the contrary, in addition to any damages awarded, such person also may be awarded reasonable attorney's fees and court costs." Peninsula suggests that such language was intended to apply only to damages awarded under the VCPA and does not apply to circumstances where damages are awarded for an independent cause of action. First, damages were awarded under the VCPA in this case. Second, if the General Assembly had intended such a restrictive view of a remedial statute, such an effect could have been evinced by plain language. See, e.g., City of Richmond v. Richmond Metro. Auth., 210 Va. 645, 648, 172 S.E.2d 831, 833 (1970); Greenberg v. Commonwealth, 255 Va. 594, 600, 499 S.E.2d 266, 270 (1998); Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

Additionally, the purpose of the attorney's fees and costs provision is different from the purpose of punitive damages. Punitive damages are designed to punish offensive or unlawful conduct and deter it in the future. Flippo v. CSC Assocs., 262 Va. 48, 58, 547 S.E.2d 216, 222 (2001). The fee shifting provisions of the VCPA are designed to encourage private enforcement of the provisions of the statute.

Accordingly, we will reverse the judgment of the trial court and remand with directions to enter judgment for Wilkins in the amount of $138,183 plus an award of reasonable

7

attorney's fees and costs for successfully prosecuting this appeal.

<u>Reversed and remanded</u>.