# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Gerald Wilkins

v.

Peninsula Motor Cars, Inc.

March 18, 2004

Case No. (Law) 29484-EH

BY JUDGE EDWARD L. HUBBARD

This matter came on Plaintiff's Petition and Amended Petition for Appellate Attorney Fees and Costs, on evidence presented *ore tenus* by Plaintiff and Defendant, including an expert witness provided by each party, and on arguments of Plaintiff and Defendant.

The issue of appellate attorney's fees arose as a result of a remand Order of the Supreme Court of Virginia in *Wilkins v. Peninsula Motor Cars, Inc.*, 266 Va. 558, 587 S.E.2d 581 (2003), wherein the Court directed that a judgment be entered for the Plaintiff in a specified amount, "plus an award of reasonable attorney's fees and costs for successfully prosecuting this appeal." (Emphasis added.) The Plaintiff submitted a bill for services provided by Plaintiff's attorney, which included attorney's fees and costs for Plaintiff's appeal, attorney's fees and costs for Plaintiff's defending against the appeal of the original judgment order by Defendant, and attorney's fees and costs for presenting, supporting, and arguing before this court the reasonableness of Plaintiff's attorney's fees and costs as objected to by Defendant.

The threshold question before this court is whether fees and costs incurred by the Plaintiff as a result of his election to defend against the appeal of the original judgment order of this court are fees and costs which may be considered included in the language of the directive of the Supreme Court of Virginia which stated "an award of reasonable attorney's fees and costs for successfully prosecuting this appeal." (Emphasis added.)

258

*Shultz v. Hansbrough,* 76 Va. 817 (1882), indicates that court orders are subject to the same rules of construction that apply to other written instruments. It appears here that the above-referenced language of the directive of the Supreme Court of Virginia is clear and unambiguous, and, giving the words used their plain meaning, the directive is to award reasonable attorney's fees and costs associated with the Plaintiff's prosecution of the appeal before the Supreme Court, this appeal. This court is not cognizant of any prayer by Plaintiff in the appeal of the original judgment order which requests an award of fees and costs incurred as a result of defending an appeal of the original judgment order by Defendant, so this court would have to speculate that the Supreme Court either had no such prayer but was aware of Plaintiff's action in the defense of Defendant's appeal and meant to include any fees and costs incurred thereby in its directive to award fees and costs for Plaintiff's "prosecuting this appeal;" or that the Supreme Court had such a prayer before it in Plaintiff's appeal and intended to grant said prayer, but chose not to refer to those fees and costs specifically as being associated with the defense of Defendant's appeal; or that the Supreme Court had such a prayer before it in Plaintiff's appeal, but chose not to grant said prayer by limiting its directive to only those fees and costs incurred as a result of "prosecuting this appeal." This court declines to engage in such speculation and confines its ruling to the plain language used by the Supreme Court in the context of the entire order, which makes no reference to Defendant's appeal or Plaintiff's involvement therein, or Plaintiff's prayers for fees and costs associated with the defense of Defendant's appeal; therefore, this court's order will only contain an award of fees and costs associated with Plaintiff's prosecution of Plaintiff's appeal.

The court does consider that the time and costs of Plaintiff necessary to present and defend his attorney's fee and costs request are compensable as part of the fees and costs awarded as a result of Plaintiff's successful prosecution of his appeal. By Plaintiff's presented bill, the maximum amount Plaintiff would be entitled to would be $29,803.48. This is computed by adding Plaintiff's billed fee of $31,552.50 to Plaintiff's billed costs of $10,398.48, less those amounts associated with Plaintiff's defense of Defendant's appeal (Item dates 12/26/02, 1/5/03, 1/7/03, 1/8/03, 1/9/03, 1/10/03, 1/13/03, 4/24/03, Plaintiff's Exhibit 3) $12,147.50, for a net figure of $29,803.48. Plaintiff's expert supported the hours, rate, and costs of Plaintiff, thereby indicating that the fees and costs so charged by one with Plaintiff's attorney's qualifications were reasonable in a matter such as this. Defendant's expert testified that the fees charged by Plaintiff were unreasonable as they far exceeded what was customary for such an undertaking. The court has reviewed the entries on Plaintiff's attorney's bill

and costs submission in light of the time expended, the effort expended, the nature of the services rendered, the qualifications of the attorney involved, and the testimony of the experts, and the court finds that the fees and costs as charged are reasonable. The court would note that the question presented is not whether the work product of Plaintiff's attorney could have been obtained elsewhere at a lower costs, but, rather whether the work product of Plaintiff's attorney was charged at a fee which was reasonable under the circumstances of this case.

The court would request that Mr. Gayle prepare an order awarding the Plaintiff an attorney's fee of $19,405.00, and costs in the amount of $10,398.48, for a total of $29,803.48, and forward same for endorsement and forwarding to the court for entry.