## CIRCUIT COURT OF MADISON COUNTY

Robert W. Smith
Contractor, Inc.

v.

Evelyn F. Carpenter

September 28, 2005

Case No. CL04-1905

BY JUDGE DANIEL R. BOUTON

I am writing to advise of the court's rulings regarding the issues raised by the plaintiff's motion to set aside the jury verdicts.

The starting point for the court's analysis is that every reasonable inference that can be drawn from the evidence in support of a jury verdict must be considered by the trial judge in determining whether such verdict should stand. In Virginia, jury verdicts are appropriately entitled to great respect and must not be set aside simply because the evidence in a case was hotly contested or disputed. *Hall v. Hall*, 240 Va. 360, 397 S.E.2d 829 (1990). Therefore, in the present case, the court must determine whether any credible evidence was adduced in support of the verdicts or whether the verdicts are plainly contrary to the evidence.

To begin with, the court finds that the evidence in the record is sufficient to support the jury's verdict on the claim of actual fraud. On this point, the court finds persuasive the arguments on pages 7-8 of the Defendant's Response Memorandum. The court also cites as authority for its ruling the following passage from the case of *Colonial Ford v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985): "While failure to perform an antecedent promise may

constitute breach of contract, the breach does not amount to fraud. But the promisor's intention B his state of mind B is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and, if made to induce the promisee to act to his detriment, is actionable as an actual fraud." (Citations omitted.)

Next, the court is not persuaded that the verdicts must be set aside because the jury found the plaintiff liable for fraud but declined to hold him responsible for a recovery under the Virginia Consumer Protection Act. The two causes of action are separate and distinct; fraud is a common law tort, while a violation of the Virginia Consumer Protection Act is a creature of statute. The latter requires proof that is different from what has to be established for common law fraud; therefore, the consumer claim could have been rejected by the jury in this case notwithstanding the fraud verdicts.

The limited instructions of law offered by the parties provide support for the court's ruling on this issue; they illustrate why the jury might have arrived at different verdicts on these respective theories. For example, neither side offered an instruction that defined the term fraud under the Virginia Consumer Protection Act or that described the fraudulent acts or practices that might have been covered by the Statute in this case. Thus, the jury could have concluded that the plaintiff's actions were not fraudulent under the Statute. Similarly, no instruction was given that defined a consumer transaction for purposes of the Virginia Consumer Protection Act; the jury could have decided that the contractual dispute between the plaintiff and the defendant was not a consumer transaction covered by the Statute. In other words, based on the evidence in the record and on the instructions of law that were given at the request of the parties, the fraud verdict and the Virginia Consumer Protection Act verdict are not as a matter of law inconsistent with each other.

The next issue that the court will address is the amount of damages awarded to Ms. Carpenter by the jury. The court finds that the evidence in the record is sufficient to justify the damages that were awarded for breach of contract and for those that were awarded for actual fraud. It is not necessary to summarize all of the testimony or list all of the exhibits that support these respective amounts; rather, having reviewed the testimony and the exhibits, the court is satisfied that the evidence in the record supports the verdicts that were rendered.

The problem regarding the total amount of damages awarded by the jury in the case lies in the verdict that was rendered for constructive fraud. The court must evaluate whether entering judgment for Ms. Carpenter in the amount of this verdict would allow her to receive additional damages that are duplicative of what the jury awarded for breach of contract and for actual fraud.

The principles of law that apply to this question are discussed at length in the case of *Wilkins v. Peninsula Motor Cars*, 266 Va. 558, 587 S.E.2d 581 (2003). There, the Supreme Court of Virginia addressed the problems that arise when multiple verdicts based on separate remedies are returned in favor of a litigant. The Wilkins court said that in cases of this type, "the trial court must assure that a verdict, while fully and fairly compensating a plaintiff for loss, does not include duplicative damages." *Id.*, at p. 561 (citations omitted). In evaluating "whether multiple damage awards constitute impermissible double recovery, the trial court must consider the nature of the claims involved, the duties imposed and the injuries sustained." *Id.*, at p. 561 (citations omitted). The precise responsibility of trial courts in reviewing verdicts is "supervision of the damage awards to avoid double recovery." *Id.*, at p. 562.

In the court's view, to allow the damages awarded for breach of contract, actual fraud, and constructive fraud to stand would allow for a recovery that would be duplicative and that would exceed an amount that is justified by all of the evidence in the case. On this point, Ms. Carpenter's motion for judgment asks for damages in an "amount to be proven at trial." She presented a large quantity of evidence in support of the special damages that are described on Defendant's Exhibit No. 22. A number of other witnesses were called by her in support of the damage claims listed on the exhibit.

In addition, Ms. Carpenter testified in detail regarding several other types of damages; these items are described on pages 5 to 7 of the memorandum that she submitted in response to the motion to set aside the verdict. However, the court finds that many of Ms. Carpenter's claims for the items not included on her trial exhibit fail because of a lack of proof. While she did not have to prove the exact amount of each of the various items, she had to produce enough evidence for the jury "to make a reasonable estimate of them." (Instruction No. 16.) Here, the evidence was sufficient for the jury to make such a reasonable estimate in connection with the total amount of damages that were awarded on the contract claim and for the actual fraud claim. The evidence in the record regarding the items listed on Defendant's Exhibit No. 22 provides adequate proof for these two verdicts. The court thus concludes that the total amount of the two verdicts constitutes a sum of compensatory damages due Ms. Carpenter that is supported by the evidence. However, the evidence is not sufficient to justify the additional $25,000.00 that was awarded for constructive fraud. As a result, the court finds that a judgment that includes the amount awarded for constructive fraud would duplicate the damages that were included in the other two verdicts.

In ruling on the duplicative nature of the damage awards, it should also be stressed that the two fraud claims were related to one another; based on the way in which the evidence was presented at trial, they were not proven and

argued as independent theories. Thus, in reviewing the verdicts, the court finds that the actual fraud claim and the claim for constructive fraud were not separate and distinct and they did not involve different legal duties and injuries. See *Advanced Marine Enterprises v. PRC Inc.*, 256 Va. 106, 501 S.E.2d 148 (1998). Moreover, no evidence was introduced and no argument was advanced at trial that would have permitted the jury to distinguish between the damages allegedly caused by fraud and those that resulted from constructive fraud. Under such circumstances, "the discretion vested in the trial judge to supervise jury awards of damages" may be exercised as deemed appropriate. *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 113, 413 S.E.2d 611 (1992).

Based on the above discussion, the court will deny the motion to set aside the verdict. However for the reasons set forth in this letter opinion, the court will enter judgment only for the compensatory damages awarded for breach of contract ($26,224.39 - $1,567.00 = $24,657.34) and the compensatory damages awarded for actual fraud ($51,903.09). The total amount of the judgment will thus be for $76,560.43.

Since the jury also awarded attorney's fees on the fraud claim, counsel should confer with one another to ascertain whether the amount of such fees is going to be disputed. If the parties do not agree on what would be a reasonable award of attorney's fees, a short hearing will be conducted in order for the court to resolve the dispute.