PRESENT: All the Justices

DEBRA A. BALLAGH
                                        OPINION BY
v.  Record No. 141248           JUSTICE WILLIAM C. MIMS
                                        June 4, 2015
FAUBER ENTERPRISES, INC., ET AL.


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     F. Patrick Yeatts, Judge


     In this appeal, we consider the standard of proof a

plaintiff must satisfy to prevail upon claims alleging

violations of the Virginia Consumer Protection Act, Code §§

59.1-196 to -207 (the "VCPA").

          I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     In May 2010, Debra A. Ballagh bought a parcel of real

property from Fauber Enterprises, Inc. ("Fauber").  Soon

thereafter, the basement of the house flooded when it rained.

     In March 2012, Ballagh filed a complaint against Fauber,

Fauber's real estate agent, and others.  She alleged that the

basement flooded when it rained at least three times while

Fauber owned the parcel.  She alleged that Fauber obtained

estimates to waterproof the basement but did not have the work

done.  Rather, she alleged, it simply repaired the water

damage.

     Ballagh further alleged that she had specifically asked

about water leaks in the basement before buying the parcel.

She alleged that Fauber's real estate agent assured her, through her agent, that there were no leaks or water damage. She alleged that although she waived a professional home inspection, she and a friend viewed the property and did not observe any defects in the basement because Fauber had affirmatively concealed them. She alleged that a professional home inspection would not have revealed the defects in any event.

Among other things, Ballagh's complaint included claims alleging violations of the VCPA. Specifically, Ballagh claimed that the defendants had "misrepresented that goods, including real property, were of a particular standard or quality," in violation of Code § 59.1-200(A)(6), and had "used 'deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction,'" in violation of Code § 59.1-200(A)(14).

The case proceeded to jury trial. At its conclusion, the parties offered competing jury instructions as to the standard of proof required for the VCPA claims. Ballagh asserted that the VCPA requires a plaintiff to prove a violation by only a preponderance of the evidence. The defendants asserted that because Ballagh's claims involved alleged misrepresentations, she was required to prove them by clear and convincing evidence as required for claims of common law fraud.

2

After a hearing, the circuit court agreed with the defendants.  It rejected the jury instructions Ballagh proposed and gave those proposed by the defendants.  The jury returned a defense verdict.  Ballagh moved for a new trial, arguing that the instructions on the standard of proof were incorrect.  After a hearing, the court denied her motion.  It thereafter entered final judgment on the jury's verdict.

We awarded Ballagh this appeal.

## II.  ANALYSIS

In her sole assignment of error, Ballagh asserts that the circuit court erred by instructing the jury that she was required to prove her VCPA claims by clear and convincing evidence, rather than by a preponderance of the evidence.  She argues that the VCPA creates a new, statutory cause of action that is distinct from and in addition to common law fraud.  She argues that a preponderance of the evidence is the default standard of proof for statutory causes of action unless the General Assembly expressly provides for a higher standard.  She argues that the preponderance standard is especially warranted here because the express language of the statute states that the General Assembly enacted it with a remedial purpose, and remedial legislation is to be construed and applied liberally by the courts.

Questions relating to burden of proof, including the standard of proof and which party bears the burden to meet it, are questions of law reviewed de novo.  Mulford v. Walnut Hill Farm Group, LLC, 282 Va. 98, 111, 712 S.E.2d 468, 476 (2011).

We agree that the VCPA creates a new, statutory cause of action distinct from and in addition to common law fraud. Owens v. DRS Auto. Fantomworks, Inc., 288 Va. 489, 497, 764 S.E.2d 256, 260 (2014) ("[T]he legislative purpose underlying the VCPA was, in large part, to expand the remedies afforded to consumers and to relax the restrictions imposed upon them by the common law. . . .  Therefore, [it] extends considerably beyond fraud.").  The elements of the two claims are different. Wilkins v. Peninsula Motor Cars, 266 Va. 558, 562-63, 582 S.E.2d 581, 587 (2003).  In fact, although a plaintiff may not recover double damages by claiming both a VCPA violation and common law fraud, he or she may present both claims in the same action and elect between the damages awarded if both are proven.  Id.

We also agree that "the ordinary burden in civil actions [is] preponderance of the evidence."  Wyatt v. McDermott, 283 Va. 685, 700, 725 S.E.2d 555, 563 (2012).  Accordingly, we presume that when the General Assembly creates a new, statutory cause of action, it intends the preponderance standard to apply unless it expressly states otherwise.

4

The defendants argue that there are several indicators within the VCPA showing that the General Assembly intended a higher standard of proof to apply, but none of them are express statements of such intent.

First, the defendants argue that when enacting the VCPA, the legislature deviated from the language in the model Uniform Deceptive Trade Practices Act.  They cite examples where it chose to use the words "fraudulent" and "misrepresenting" in the VCPA in lieu of the phrases "deceptive" and "causes likelihood of confusion or misunderstanding as to" used in the model act.  Compare Unif. Deceptive Trade Practices Act § 2(a), 9A U.L.A. 14 (Supp. 1967) with Code § 59.1-200(A).  They contend that these deviations from the model act express legislative intent to conform the statute's standard of proof to the standard for common law fraud.  We disagree.

The principal source from which to determine the General Assembly's intent in enacting a statute is the language it used in the statute itself.  Virginia Dep't of Health v. Kepa, Inc., ___ Va. ___, ___, 766 S.E.2d 884, 889 (2015).  When that language is not sufficiently clear, we also may consider why the statute was enacted.  Copeland v. Todd, 282 Va. 183, 193, 715 S.E.2d 11, 16 (2011).

The legislature seldom chooses to expressly direct the courts how to apply a statute.  When it does so we must pay

5

special attention to that choice and ensure that it is given full effect. The General Assembly chose to include such direction in the VCPA. It declared that the VCPA "shall be applied as remedial legislation to promote fair and ethical standards of dealing between suppliers and the consuming public." Code § 59.1-197. We construe remedial legislation liberally, in favor of the injured party. E.I. du Pont de Nemours & Co. v. Eggleston, 264 Va. 13, 17, 563 S.E.2d 685, 687 (2002).

Thus, the General Assembly's decision to define the elements of the VCPA using terms of art already familiar to the bench and bar from common law fraud is insufficient to express an intent that plaintiffs must prove claims of VCPA violations by clear and convincing evidence. Despite the defendants' argument, any light the adoption of such terms may shed on the standard of proof is eclipsed by the legislature's express direction that we apply the VCPA as remedial legislation. That language supports a conclusion that it intended that we apply the lower, preponderance standard more favorable to the injured plaintiff.

Next, the defendants note that Code § 59.1-207 provides an affirmative defense in certain circumstances, and expressly provides a preponderance of the evidence standard of proof for that defense. They argue that this provision would be

superfluous or redundant if the preponderance standard applied to the whole VCPA, and such a result would contravene our canons of statutory construction.  See Owens, 288 Va. at 497, 764 S.E.2d at 260.

Although this is a plausible argument, the General Assembly's decision to expressly provide a preponderance standard of proof for a defendant's affirmative defense is not an express statement that it intended a clear and convincing evidence standard to apply to a plaintiff's VCPA claims.  The implication that the higher standard applies to the plaintiff because the lower standard applies to the defendant is again simply too subtle, especially in the face of both the general presumption that the preponderance standard applies to civil actions and the rule that remedial legislation is construed in favor of the injured party.

The defendants also argue that a statute is presumed not to alter the common law unless the legislature has expressly indicated otherwise.  They argue that allowing a plaintiff to prove a misrepresentation for the purposes of the VCPA by a preponderance of the evidence would alter the common law without such express indication by the General Assembly.  However, as noted above, the VCPA creates a new, statutory cause of action in addition to common law fraud.  It does not replace or in any way narrow the tort of common law fraud.

7

Accordingly, applying the preponderance standard to allegations of VCPA violations does not alter the common law.

The defendants also argue that the VCPA provides extraordinary relief, including the possibility of treble damages, which they contend shows the General Assembly intended a higher standard of proof to apply. However, many statutes include similar provisions without imposing a higher standard of proof. See, e.g., Code §§ 8.01-27.2 (authorizing treble damages for giving a bad check for rent), 8.01-27.4 (authorizing treble damages for failure to apply insurance proceeds to unpaid balances for professional services), 18.2-190.8 (authorizing treble damages for using an unlawful electronic communication device for commercial advantage or financial gain), 55-216 (authorizing treble damages for waste by a tenant of real property), and 56-5 (authorizing treble damages for damage to property of a public service corporation). Accordingly, the measure of damages allowed by the VCPA does not dictate the standard of proof a plaintiff is required to satisfy.

The defendants also argue that applying the preponderance standard for VCPA violations would make common law fraud obsolete because plaintiffs would allege VCPA violations instead to benefit from the lower standard of proof. However, as noted above, plaintiffs may, and do, bring claims for a VCPA

8

violation and common law fraud in the same complaint. <u>Wilkins</u>, 266 Va. at 559, 587 S.E.2d at 582. While the standard of proof may be higher for common law fraud, a plaintiff who satisfies that higher burden and proves punitive damages may recover far more than merely three times his or her actual damages. <u>See</u>, <u>e.g.</u>, <u>id.</u> at 559, 563, 587 S.E.2d at 582, 584 (upholding a jury award of $100,000 punitive damages, 56.68 times the award of $1862.86 in actual damages on a claim of common law fraud). Accordingly, plaintiffs will pursue claims for common law fraud despite the lower standard of proof for VCPA violations, where the evidence supports such claims.

Finally, we note that the highest courts of several states have concluded that the preponderance standard applies under their own states' similar statutes. <u>See</u>, <u>e.g.</u>, <u>Aguilar v. Atlantic Richfield Co.</u>, 24 P.3d 493, 521 (Cal. 2001); <u>Service Rd. Corp. v. Quinn</u>, 698 A.2d 258, 265 (Conn. 1997); <u>Avery v. State Farm Mut. Auto. Ins. Co.</u>, 835 N.E.2d 801, 856 (Ill. 2005); <u>Kelly v. Vinzant</u>, 197 P.3d 803, 812-13 (Kan. 2008); <u>State v. Price-Rite Fuel, Inc.</u>, 24 A.3d 81, 87 (Me. 2011); <u>Hair Excitement, Inc. v. L'Oreal U.S.A., Inc.</u>, 965 A.2d 1032, 1038 (N.H. 2009); <u>Liberty Mut. Ins. Co. v. Land</u>, 892 A.2d 1240, 1247-48 (N.J. 2006); <u>State ex rel. Spaeth v. Eddy Furn. Co.</u>, 386 N.W.2d 901, 903 (N.D. 1986); <u>State ex rel. Redden v. Discount Fabrics, Inc.</u>, 615 P.2d 1034, 1038-39 (Or. 1980);

Smith v. Baldwin, 611 S.W.2d 611, 616 (Tex. 1980); Poulin v. Ford Motor Co., 513 A.2d 1168, 1172 (Vt. 1986).  The principles guiding those courts are persuasive.

### III.  CONCLUSION

For these reasons, we conclude that a plaintiff must prove a violation of the VCPA by a preponderance of the evidence rather than by clear and convincing evidence.  Accordingly, we will reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.