# VIRGINIA:

### *In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 21st day of February, 2019.*

Present: All the Justices

Ronnie Lee Stone,                                                                                      Appellant,

against          Record No. 180564
                Court of Appeals No. 0347-17-3

Commonwealth of Virginia,                                                              Appellee.

                                        Upon an appeal from a judgment
                                        rendered by the Court of Appeals of
                                        Virginia.

Appellant Ronnie Lee Stone pled guilty to five counts of distribution of cocaine, second or subsequent offense, one count of possession of a firearm while possessing cocaine with intent to distribute, and one count of possession of a firearm by a convicted felon. As to the five cocaine distribution offenses, the circuit court sentenced Stone to an active sentence equal to the mandatory minimum sentence of three years of imprisonment on each offense under Code § 18.2-248(C).[1] On appeal, Stone argues the Court of Appeals erred in upholding the circuit court's ruling that he did not qualify under the so-called "safety valve" provision of Code § 18.2-248(C)[2] for exemption from the three-year mandatory minimum sentences on four of the cocaine distribution offenses.[3] *Stone v. Commonwealth*, Record No. 0347-17-3, 2018 WL 1473619 (Va. Ct. App. March 27, 2018) (unpublished). We disagree, and affirm.

---

[1] Stone received a total sentence of 48 years of imprisonment with 28 years suspended. On each of the five cocaine distribution offenses, Stone was sentenced to eight years with a suspension of five years, leaving the three-year mandatory minimum on each offense.

[2] *See Hall v. Commonwealth*, 296 Va. 577, 579-81 (2018).

[3] Stone does not challenge the imposition of the three-year mandatory minimum sentence on one of the five cocaine distribution offenses which, unlike the other four offenses, arose from the execution of a search warrant on Stone's residence, as explained more fully below.

Code § 18.2-248(C) provides that a person guilty of second-offense cocaine distribution may "be sentenced to imprisonment for life or for any period not less than five years, three years of which shall be a mandatory minimum term of imprisonment to be served consecutively with any other sentence." Subsection (C) further provides, however, that this mandatory minimum sentence "shall not be applicable if the court finds" that all of the factual predicates listed in subdivisions (4)(a) through (4)(e) of this subsection have been established. *Id.* Here, only the second factual predicate prescribed in subdivision (4)(b) of subsection (C) is at issue, which states: "[t]he person did not . . . possess a firearm . . . in connection with the offense . . . ." *Id.*

Recently in *Hall v. Commonwealth*, 296 Va. 577 (2018), we addressed one of the other factual predicates under the safety valve provision of Code § 18.2-248(C) to determine its applicability in that case.[4] In doing so, we held that "the burden of production and persuasion" in establishing the factual predicates that provide potential relief from the mandatory minimum sentence under Code § 18.2-248(C) "falls on the defendant seeking to invoke [this] safety-valve provision." 296 Va. at 586. This is consistent with decisions of federal courts applying similar sentencing safety valve provisions in which they have likewise held that it was the defendant's burden to prove the factual predicates for relief. *See United States v. Bolton*, 858 F.3d 905, 913 (4th Cir. 2017) (applying United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2(a)); *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1098 (10th Cir. 2007) (applying 18 U.S.C. § 3553(f)); *United States v. Anderson*, 452 F.3d 87, 90-91 (1st Cir. 2006) (applying U.S.S.G. § 5C1.2(a)); *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004) (same). The burden placed upon the defendant in each of these cases was a preponderance of the evidence standard of proof, which we hereby adopt as the standard for Code § 18.2-248(C)'s safety valve provision. *See also Ballagh v. Fauber Enterprises, Inc.*, 290 Va. 120, 124 (2015) (adopting, for claims alleging violations of the Virginia Consumer Protection Act, Code §§ 59.1–196 to –207, a preponderance of the evidence standard as the "default standard of proof" where the General Assembly has not expressly provided for a higher standard).

---

[4] Specifically, in *Hall*, we reviewed whether the fifth factual predicate had been established, which required that *"[n]o later than the time of the sentencing hearing"* the defendant had to truthfully disclose to the Commonwealth "all information and evidence [he] has concerning the offense." *Hall*, 296 Va. at 580 (quoting Code § 18.2-248(C)(4)(e)) (emphasis in original).

We conclude that Stone failed to carry his burden under Code § 18.2-248(C) to prove by a preponderance of the evidence that he did not possess a firearm in connection with the four cocaine distribution offenses on which he challenges the circuit court's imposition of the three-year mandatory minimum sentences.

"To properly review the trial court's application of the law to the facts, '[w]e give deference to the trial court's factual findings and view the facts in the light most favorable to . . . the prevailing part[y] below." *Kim v. Commonwealth*, 293 Va. 304, 311 (2017) (quoting *Caplan v. Bogard*, 264 Va. 219, 225 (2002)). Furthermore, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Gerald v. Commonwealth*, 295 Va. 469, 479 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680)); *see Commonwealth v. Giddens*, 295 Va. 607, 613 (2018) (same).

Two written detailed joint stipulations of fact admitted during the hearing on Stone's guilty pleas established the following. Four times during a one-month period a confidential informant went to Stone's residence and purchased cocaine from him. Shortly after the controlled buys, the police executed a search warrant at Stone's residence. During the search, the police found, among other contraband, cocaine on Stone's person and crack cocaine in his bedroom, totaling approximately one ounce. The police also discovered a loaded AK-47 assault rifle next to his bed and a loaded AK-47 magazine in a nightstand adjacent to the firearm. This search accounted for one of Stone's cocaine distribution convictions on his guilty pleas, while the confidential informant's controlled buys accounted for Stone's other four cocaine distribution convictions—for which the three-year mandatory minimum sentences are at issue here.

In addition to the two joint stipulations, at Stone's sentencing hearing, the Commonwealth proffered a statement from Stone's wife indicating that about two months prior to the execution of the search warrant, Stone "obtained the firearm from a relative and had it in the house for protection" because they had been "robbed previously." Absent any objection to this proffer from Stone, the circuit court admitted this proffer "as a stipulation." Furthermore, Stone offered no evidence on his own behalf in relation to his possession of the firearm, or on any other matter concerning his offenses, at his sentencing hearing.

3

The stipulated evidence thus established that Stone had been in actual or constructive possession of a firearm, i.e., an AK-47 assault rifle, at his residence during the time period when the four controlled drug buys between Stone and the confidential informant took place at that location. *See Stone*, 2018 WL 1473619, at *3-*4 (analyzing issue of constructive possession). Absent any other evidence, Stone, upon his request for application of Code § 18.2-248(C)'s safety valve exemption from the mandatory minimum sentences, plainly failed to carry his burden of establishing that he did not possess the firearm in connection with these four cocaine distribution offenses. Indeed, as the circuit court indicated in finding that Stone did not meet his burden on this issue, it was reasonable to draw the affirmative inference from the stipulated evidence that Stone in fact possessed the firearm for the protection of his illegal drug operation being conducted out of his residence. *See Thomas v. Commonwealth*, 44 Va. App. 741, 755 (2005) (acknowledging "the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons'" (quoting *Logan v. Commonwealth*, 19 Va. App. 437, 445 (1994) (en banc)); *see also United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (recognizing that firearms are "tools of the trade" in drug trafficking).

Therefore, as the Court of Appeals held, the circuit court did not err by imposing the three-year mandatory minimum sentences under Code § 18.2-248(C) on Stone's second-offense cocaine distribution offenses at issue, after rejecting Stone's request for application of the safety valve provision as to his convictions on these offenses. Accordingly, we affirm the judgment of the Court of Appeals.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of Pittsylvania County.

A Copy,

Teste:

Douglas B. Robelen, Clerk

4