UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Huff and AtLee
Argued by videoconference


ALFREDA LIGON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1190-20-4                      JUDGE GLEN A. HUFF
                                                    APRIL 6, 2021

CPS II, INC. AND
 EMPLOYERS PREFERRED INS. CO.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Ashley E. Strandjord (Benjamin T. Boscolo; ChasenBoscolo Injury
        Lawyers, on brief), for appellant.

        Jennifer L. Helsel (Danielle A. Takacs; Franklin & Prokopik, P.C.,
        on brief), for appellees.


        Alfreda Ligon ("claimant") appeals the Virginia Workers' Compensation Commission's

("the Commission") denial of her request for medical benefits relating to her left ankle injury.

The Commission determined that claimant's left ankle injury was not a compensable

consequence of her original right ankle injury.  On appeal, claimant argues that the Commission

incorrectly applied a "clear and convincing" evidentiary standard to her claim for compensation

instead of a "preponderance of the evidence" standard.  Because the Commission properly

considered her claim under a preponderance of the evidence standard, this Court affirms.

I.  BACKGROUND

        In May 2015, claimant injured her right ankle while at work as an employee of Creative

Play School ("employer").  As a result of her injury, she brought a workers' compensation claim

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

seeking an award of permanent partial disability benefits. The Commission determined that claimant's injury was compensable and awarded her benefits. In reaching its decision, the Commission relied on a medical report from claimant's attending physician, Dr. Cuttica, and found that claimant suffered a thirteen percent permanent partial loss of her right ankle.

Around May 2018, claimant began to experience pain in her left ankle. Claimant visited Dr. Franchetti, who performed an independent medical evaluation. Dr. Franchetti concluded that claimant placed increased weight on her left ankle to compensate for her original right ankle injury, which caused claimant's current left ankle injury.

Shortly after, claimant returned to Dr. Cuttica so that he could examine her original right ankle injury. While there, claimant complained to Dr. Cuttica of the pain in her left ankle. Dr. Cuttica then examined claimant's left ankle and found that there were no issues with that ankle's range of motion. Although there was moderate tenderness in a ligament in claimant's left ankle, she experienced no pain in her left heel. As a result, Dr. Cuttica did not believe claimant's left ankle symptoms were caused by placing increased weight on that foot. Instead, he diagnosed the cause of claimant's left ankle pain as "flat feet." Therefore, Dr. Cuttica concluded that claimant's left ankle injury was not causally related to her compensable right ankle injury.

Claimant filed a workers' compensation claim seeking an award of benefits for her left ankle injury. The deputy commissioner determined that claimant's left ankle injury was a compensable consequence of her right ankle injury and granted her benefits. In reaching that decision, the deputy commissioner relied on Dr. Franchetti's testimony that claimant's left ankle injury was caused by her placing increased weight on her left foot to compensate for her right ankle injury.

On review, the Commission reversed the deputy commissioner's award of benefits, holding that claimant's evidence did not "preponderate" to show that a causal link existed between her current injury and her compensable injury. In doing so, the Commission rejected Dr. Franchetti's testimony. Instead, the Commission relied on Dr. Cuttica, who opined that claimant's left ankle injury was not causally connected to her original injury.

This appeal followed.

## II.  STANDARD OF REVIEW

"Questions relating to the burden of proof, including the standard of proof and which party bears the burden to meet it, are questions of law reviewed *de novo*." La Bella Donna Skin Care, Inc. v. Belle Femme Enterprises, 294 Va. 243, 257 (2017) (quoting Ballagh v. Fauber Enters., 290 Va. 120, 124 (2015)).

## III.  ANALYSIS

Claimant argues that the Commission erred as a matter of law because it incorrectly applied a clear and convincing evidentiary standard to her claim for workers' compensation instead of a preponderance of the evidence standard. Specifically, claimant argues that the Commission applied a clear and convincing standard because it required her to not only establish her own case, but to also overcome contradictory evidence. [1]

Claimant's appeal misapprehends the legal framework surrounding burdens of proof. "The term 'burden of proof' actually refers to two separate burdens:  the burden of producing evidence and the burden of persuasion." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222 (1988). A party satisfies their burden of production by producing evidence sufficient for a

---

[1] Claimant does not contend that there was not credible evidence to support the Commission's finding.

reasonable mind to accept as proof of the fact in issue. Id. In other words, the burden of production is satisfied by introducing evidence sufficient to survive a motion to strike.

To prevail on a claim, however, a party must also satisfy the applicable burden of persuasion. Here, the applicable burden of persuasion is proof by a preponderance of the evidence. Cf. id. The preponderance of the evidence standard means that a claimant must prove his case by the "greater weight of the evidence." See, e.g., Bedget v. Lewin, 202 Va. 535, 540 (1961). Thus, the preponderance of the evidence standard—by its very definition—requires a party to establish that his or her evidence is greater than his or her opponent's. See Preponderance, Black's Law Dictionary (11th ed. 2019) ("[s]uperiority in weight, importance, or influence").

Claimant's argument that the Commission erred by making her overcome contradictory evidence incorrectly conflates these two distinct burdens. In essence, claimant contends that because she satisfied her burden of production, she also necessarily satisfied the preponderance of the evidence burden of persuasion as well. [2] Claimant is incorrect.

While "preponderance of the evidence" is a lower burden of persuasion than "clear and convincing," it does not eliminate a claimant's burden to overcome contradictory evidence and establish his or her case by the "greater weight of the evidence." See Bedget, 202 Va. at 540. Thus, after satisfying her burden of production, claimant was still required to overcome

---

[2] Claimant's argument essentially renders the burden of persuasion obsolete. Under claimant's theory, anytime a party satisfies their burden of production they would also be entitled to the relief they sought. In other words, under claimant's proposed interpretation of the preponderance of the evidence standard, simply surviving a motion to strike would entitle the party to judgment on the merits. Such an interpretation would render the introduction of contradictory evidence and the use of civil juries pointless. Indeed, if claimant's interpretation were accurate, tribunals might as well decide claims *ex parte*.

employer's contradictory evidence and persuade the Commission that her case was greater than employer's.  Accordingly, the Commission did not err when it required claimant to do so.[3]

## IV.  CONCLUSION

The Commission correctly applied a preponderance of the evidence standard to claimant's claim.  Therefore, this Court affirms.

<u>Affirmed.</u>

---

[3] Furthermore, while not dispositive, it should be noted that the Commission also explicitly invoked the proper standard in holding that claimant's evidence did not "preponderate" to show that a causal link existed between her current injury and her compensable injury.