Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, Agee,
         JJ., and Russell, S.J.

WAYNE M. LEE

v.  Record No. 041584      OPINION BY JUSTICE DONALD W. LEMONS
                                        April 22, 2005
PRESTON MULFORD

            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      James F. Almand, Judge

    In this appeal, we consider whether the trial court erred
in confirming the jury's verdict and refusing to award
attorney's fees in a post-verdict proceeding.  For the reasons
discussed below, we will affirm the judgment of the trial
court.

                  I.  Facts and Proceedings Below

    Wayne M. Lee ("Lee") sued Preston Mulford ("Mulford") on
a promissory note in an action brought in the Circuit Court of
Arlington County.  Lee sought damages in the amount of
$130,648.26, plus interest, attorney's fees, and costs.
Mulford filed a counterclaim and affirmative defense alleging
fraud.  The matter was tried before a jury.

    During the trial, Lee presented no evidence of attorney's
fees.  As part of the instructions, given without objection by
either party, the trial court instructed the jury, "The
contract should be considered as a whole.  No part of it
should be ignored.  The contract should be interpreted to give
effect[] to each of the provisions in it."  One of the

provisions of the promissory note, Paragraph 15, stated in part, "On or after Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note. Expenses include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses."

The jury returned a verdict in favor of Lee and awarded damages of $39,908.26 and further provided in their verdict, "Both parties split court costs [50% each]," and "Each party pays its own legal fees." The jury was polled at the request of Mulford and acknowledged their verdict. Lee then asked the trial court for a post-trial hearing concerning attorney's fees because he did not "think the issues [sic] of attorney's fees was before the jury, so that's typically handled during the post-trial motion where we put on an expert if necessary." The trial court scheduled a hearing to consider the arguments of counsel. Prior to this hearing, Lee submitted a motion for an award of attorney's fees and Mulford filed a brief in response.

Upon consideration of the written and oral arguments made by counsel, the trial court entered a final order denying Lee's request for attorney's fees and entered judgment on the jury's verdict. Lee filed a timely petition for appeal.

## II. Analysis

As stated by Lee, the issue before us on appeal is whether the trial court "erred by failing to award Lee, the prevailing party, his attorney's fees and costs, despite unambiguous contractual language that mandated the award of such fees and costs." Lee's assignment of error is predicated upon his assertion that "it is customary to argue the issue of fees post-trial." Lee contends that the trial court rewrote the promissory note to eliminate the attorney's fees provision. Because the jury found in favor of Lee and the note unambiguously entitled Lee to attorney's fees, Lee argues that it was error for the trial court to deny his post-trial motion for an award of attorney's fees.

We "will uphold the judgment of the trial court unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Upper Occoquan Sewage Auth. v. Blake Constr. Co., 266 Va. 582, 590, 587 S.E.2d 721, 725 (2003) (citing Code § 8.01-680). As we stated in Mullins v. Richlands Nat'l Bank, 241 Va. 447, 403 S.E.2d 334 (1991), "[g]enerally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." Id. at 449, 403 S.E.2d at 335. We continue to adhere to this so-called "American rule." As in Mullins, this case involves a contract, specifically a promissory note, which provides for

3

attorney's fees but does not fix the amount to be awarded. Consequently,

> a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. Ordinarily, expert testimony will be required to assist the fact finder.

Id. (citations omitted). We have noted that expert testimony is not required in every case. Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 112, 413 S.E.2d 611, 621 (1992).

We are aware of many cases in which the parties, with the concurrence of the trial court, have bifurcated the fact-finding process. See Wilkins v. Peninsula Motor Cars, 266 Va. 558, 559, 587 S.E.2d 581, 582 (2003) ("By agreement of the parties, the issue of attorney's fees and costs . . . was reserved for determination by the trial court"); Chesapeake & Potomac Tel. Co. v. Sisson & Ryan, Inc., 234 Va. 492, 500, 362 S.E.2d 723, 728 (1987) ("The parties agreed to submit the question of attorneys' fees to the trial court following the verdict."). In this case there is no such prior agreement between the parties that was approved by the trial court.

Lee sought attorney's fees as part of his claim for damages and a jury was empanelled to decide the case. He

4

offered no evidence to the jury in support of an award of attorney's fees. Additionally, without objection, the jury was instructed, "The contract should be considered as a whole. No part of it should be ignored. The contract should be interpreted to give effect to each of the provisions in it." The jury followed this instruction when, in the absence of any evidence on the subject, it determined, based on the language governing an award of attorney's fees in Paragraph 15 of the promissory note, that the parties should bear their own attorney's fees and split court costs equally.

Lee concedes that there was no express agreement with approval of the trial court to bifurcate the fact-finding process; however, he asserts that "it is customary to argue the issue of fees post-trial" before the trial judge. Lee does not identify whether it is a custom of the bar or a custom of the bench generally or a custom of the particular trial judge. Lee offered no evidence in support of his contention that such a custom exists in the Circuit Court of Arlington County or anywhere else. Furthermore, the parties disagree whether such a custom exists. Neither party offered evidence in support of their arguments. Additionally, neither party cites any authority for the proposition that custom and practice, if proved, may alter the substantive rights of the

parties otherwise provided by case law, statute, or pursuant
to the Rules of Court.

Lee's proposition would, in effect, raise custom and
practice to the status of local rule.  We note that Code
§ 8.01-4 provides:

> The district courts and circuit courts
> may, from time to time prescribe rules for
> their respective districts and circuits.  Such
> rules shall be limited to those rules necessary
> to promote proper order and decorum and the
> efficient and safe use of courthouse facilities
> and clerks' offices.  No rule of any such court
> shall be prescribed or enforced which is
> inconsistent with this statute or any other
> statutory provision, or the Rules of Supreme
> Court or contrary to the decided cases, or
> which has the effect of abridging substantive
> rights of persons before such court.  Any rule
> of court which violates the provisions of this
> section shall be invalid.
>
> The courts may prescribe certain docket
> control procedures which shall not abridge the
> substantive rights of the parties nor deprive
> any party the opportunity to present its
> position as to the merits of a case solely due
> to the unfamiliarity of counsel of record with
> any such docket control procedures.

If local custom and practice were to be enforced as Lee
proposes, Mulford argues that it would deny his substantive
right to insist upon a jury determination guaranteed by
Article I, § 11 of the Constitution of Virginia which provides
in pertinent part, "in controversies respecting property, and
in suits between man and man, trial by jury is preferable to
any other, and ought to be held sacred."

6

We need not interpret the Constitution of Virginia in this case because the General Assembly, acting pursuant to this constitutional provision, has provided in Code § 8.01-336:

> A. The right of trial by jury as declared in Article I, Section 11 of the Constitution of Virginia and by statutes thereof shall be preserved inviolate to the parties.
>
> B. Waiver of jury trial. – In any action at law in which the recovery sought is greater than $100, exclusive of interest, unless one of the parties demand that the case or any issue thereof be tried by a jury, or in a criminal action in which trial by jury is dispensed with as provided by law, the whole matter of law and fact may be heard and judgment given by the court.
>
> C. Court-ordered jury trial. – Notwithstanding any provision in this Code to the contrary, in any action at law in which there has been no demand for trial by jury by any party, a circuit court may on its own motion direct one or more issues, including an issue of damages, to be tried by a jury.

Mulford had the right in this case pursuant to Code § 8.01-336 to insist that the issue of attorney's fees be submitted to a jury. In this case, the issue was submitted to a jury and the jury rendered a judgment. Absent agreement of the parties with the concurrence of the court, or pursuant to contract or statute with specific provisions, a litigant is not entitled to bifurcate the issues and have the matter of

7

attorney's fees decided by the trial court in post-verdict proceedings.

### III.  Conclusion

Based on a review of the record, we cannot say that the trial court abused its discretion in denying Lee's post-verdict motion for attorney's fees.  We will affirm the judgment of the trial court.

<u>Affirmed</u>.