PRESENT: All the Justices

HEATHER GRAHAM

v. Record No. 161066

COMMUNITY MANAGEMENT
CORPORATION

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
October 12, 2017

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

Heather Graham challenges the trial court's dismissal of her action, which sought to recover attorney's fees she incurred in defending a prior action. The trial court held that Rule 3:25 "precluded [her] from requesting attorney's fees because she failed to request said fees in the underlying litigation." We agree with the trial court, and affirm the judgment.

BACKGROUND

Graham worked for the Community Management Corporation as its Chief Executive Officer. Her employment contract contained a clause requiring her to keep certain information confidential. A separate Confidentiality Agreement provided that "[i]n the event that an action is brought for relief under the provisions of this paragraph, the prevailing party shall be entitled to an award of its attorney's fees."

When Graham obtained employment elsewhere, the Community Management Corporation filed a complaint in which it alleged that Graham had breached her obligation of confidentiality with respect to its proprietary information. Among other things, it asked for "attorney['s] fees incurred in connection with its prosecution of the action for breach of the Confidentiality Agreement." Graham filed a number of responsive pleadings, including two demurrers, several pleas in bar, and an answer. She did not, however, ask for attorney's fees in *any* of these pleadings. Graham obtained a defense verdict.

Following the conclusion of that case, Graham filed a new action of her own against the Community Management Corporation in which she demanded that her former employer pay the attorney's fees she incurred in defending the earlier action. The defendant demurred, arguing that Rule 3:25 required Graham to seek fees in the first suit, and her failure to ask for them in that case constituted a waiver. The circuit court agreed and dismissed Graham's complaint. This appeal followed.

## ANALYSIS

"We review questions of law de novo." *Amin v. County of Henrico*, 286 Va. 231, 235, 749 S.E.2d 169, 170 (2013). "A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." *Id.*

Rule 3:25, captioned "Claims for Attorney's Fees" provides:

A. *Scope of Rule*. This rule applies to claims for attorney's fees, excluding (i) attorney's fees under § 8.01-271.1 of the Code of Virginia, and (ii) attorney's fees in domestic relations cases.

B. *Demand*. A party seeking to recover attorney's fees shall include a demand therefor in the complaint filed pursuant to Rule 3:2, in a counterclaim filed pursuant to Rule 3:9, in a cross-claim filed pursuant to Rule 3:10, in a third-party pleading filed pursuant to Rule 3:13, or in a responsive pleading filed pursuant to Rule 3:8. The demand must identify the basis upon which the party relies in requesting attorney's fees.

C. *Waiver*. The failure of a party to file a demand as required by this rule constitutes a waiver by the party of the claim for attorney's fees, unless leave to file an amended pleading seeking attorney's fees is granted under Rule 1:8.

D. *Procedure*. Upon the motion of any party, the court shall, or upon its own motion, the court may, in advance of trial, establish a procedure to adjudicate any claim for attorney's fees.

The language of Rule 3:25 is plain. Subpart (B) of the Rule required Graham to make a demand for attorney's fees in a counterclaim, cross-claim or a responsive pleading. The Rule also states unambiguously in subpart (C) that a failure to make such a demand "constitutes a waiver by the party of the claim for attorney's fees." This Court expressly so ruled prior to the present litigation. *Online Res. Corp. v. Lawlor*, 285 Va. 40, 61-62, 736 S.E.2d 886, 898 (2013) ("Rule 3:25 provides in pertinent part that '[a] party seeking to recover attorney's fees shall include a demand therefor' and that '[t]he failure of a party to file a demand as required by this rule constitutes a waiver by the party of the claim for attorney's fees, unless leave to file an amended pleading seeking attorney's fees is granted under Rule 1:8.'").

Graham's arguments to evade the plain language of the Rule[1] are without merit. Her basic contention is that she could not have pled a claim for recovery of attorney's fees until a defense verdict was rendered in the prior action. This thesis is mistaken in fundamental respects. Code § 8.01-230, on which Graham relies, specifies the date upon which – for limitations purposes rather than general pleading standards – a right of action is complete such that the statutory period in which to sue must commence running. While that statute formerly used the

---

[1] Apart from the operation of Rule 3:25, Graham notes that she was the defendant in the underlying case, and had no factual basis to claim that the Community Management Corporation was in breach of the Confidentiality Agreement. Thus she has not been guilty of "claim splitting" by seeking some relief in one action, and other or further relief arising from the same transaction in a later case. *See Bill Greever Corp. v. Tazewell Nat'l Bank*, 256 Va. 250, 254, 504 S.E.2d 854, 856-57 (1998) ("Courts have imposed a rule prohibiting claim-splitting based on public policy considerations similar to those underlying the doctrine of res judicata: avoiding a multiplicity of suits, protecting against vexatious litigation, and avoiding the costs and expenses associated with numerous suits on the same cause of action."). Graham is correct that the common law prohibition on splitting claims for affirmative relief does not bar her fee claim, but this is beside the point. As noted above, express provisions of a Rule of Court required her to plead the claim, and those provisions also now bar her claim for failure to do so.

concept of a "cause of action" in the sense employed by Graham, it was amended in 1996 and for two decades has only spoken to the issue of when a "right of action" is so complete that the limitations clock must run from that date.[2]  Acts 1996, ch. 328.  We pointed out in *Thorsen v. Richmond SPCA*, 292 Va. 257, 278, 786 S.E.2d 453, 465 (2016), that "[s]tatutes of limitation [governed by Code § 8.01-230's accrual concepts] do not affect a cause of action; they bar a right of action," and while "[t]he two may accrue at the same time," they "will not of necessity do so." (citing *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 81-82, 301 S.E.2d 8, 13-14 (1983)).

Graham focuses on when she would have had a claim for breach of contract against Community Management Corporation in the prior litigation.  Her present claim, however, is not for breach of contract.  It is a claim for recovery of fees under the contractual provision, and is not based on any breach of Community Management Corporation's duties under the contract. The assertion that such a contract-based fee recovery claim "would have to wait" until conclusion of the prior action is also incorrect.  Graham's posture is no different from that of Virginia plaintiffs, who have long been required to plead a claim for attorney's fees (prior to the end of the primary action in which they hope to prevail) on pain of having that claim barred. *See, e.g.*, *Lee v. Mulford*, 269 Va. 562, 567-68, 611 S.E.2d 349, 352 (2005).

---

[2] As we explained in *Cherrie v. Virginia Health Servs.*, 292 Va. 309, 314, 787 S.E.2d 855, 857 (2016):

A "*right of action*" is a legally recognized "remedial right" to "enforce a *cause of action*," which is simply the "set of operative facts" that causes a claimant to assert his claim.  *Id.* (emphases added); *see also* Black's Law Dictionary 266, 1520 (10th ed. 2014) (defining "cause of action" as a "group of operative facts giving rise to one or more bases for suing" and "right of action" as the "right to bring a specific case to court").  The distinction between a right of action and a cause of action should not be dismissed as an odd, rhetorical anachronism.  It factors into many modern legal doctrines, including res judicata, accrual for statute-of-limitations purposes, and, pertinent here, a party's right to seek judicial remedies.

Just as a defendant may bring a claim for indemnification or contribution before she is held liable or required to pay a claim,[3] a claim exists in favor of a party seeking recovery of fees when that party first incurs fee expenses in the action. In Virginia "[s]ome injury or damage, however slight," is enough to trigger a claim. *Van Dam v. Gay*, 280 Va. 457, 460, 699 S.E.2d 480, 482 (2010). *See also* Rule 1:6 (referring to a "claim for relief arising from identified conduct, a transaction, or an occurrence"). Graham suffered an injury when she was required to retain counsel to defend against Community Management Corporation's action under the Confidentiality Agreement. Her right of action was not complete for statute of limitations purposes until she prevailed before the jury and – if no Rule had required her to plead the fee claim – it would not have been time-barred until five years after that verdict. Code § 8.01-246(2). But well before that verdict she had already sustained damage sufficient to plead her claim for recovery of attorney's fees. Just as a plaintiff who must plead a claim for fee recovery has incurred some attorney's fees at the pleading stage (and has not yet prevailed at trial) a defendant (having been sued and having engaged counsel to defend her) has experienced a loss or burden well before she is ultimately vindicated by a defense verdict in the first action. Both sides are required by Rule 3:25 to bring their attorney's fee claims at the pleading stage.[4]

---

[3] *See, e.g.*, Rule 3:13, allowing a contingent third-party claim by a defendant against a party who "is or may be liable" to the defendant, commonly used for claims of indemnity or contribution that may never even be decided, if the defendant is not held liable to the plaintiff.

[4] Rule 3:25 allows a party to seek leave to amend, in order to assert a claim for attorney's fees that the party recognizes only after the initial pleadings have been filed. Rule 3:25(C).

The requirement of Rule 3:25 to bring attorney's fee claims is consistent with the fundamental tenets of Virginia practice that no litigant may recover on a right not pled,[5] and that "[t]he basis of every right of recovery under our system of jurisprudence is a pleading" setting forth the basis for granting the relief sought. *Allison v. Brown*, 293 Va. 617, 626, 801 S.E.2d 761, 766 (2017) (quoting *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 230 (1981)).

Graham also contends that requiring a defendant to make a demand for attorney's fees would be tantamount to a compulsory counterclaim.[6] It is not necessary in deciding this case to resolve whether a fee claim under a contractual fee recovery provision is a freestanding claim or one that is inherently ancillary to another contract-based action.[7] In either event, a claim for

---

[5] *See Jenkins v. Bay House Associates*, 266 Va. 39, 43, 581 S.E.2d 510, 512 (2003) ("A litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings."); *Ted Lansing Supply Co. v. Royal Aluminum*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981). *See also Virginia Natural Gas Co. v. Hamilton*, 249 Va. 449, 454, 457 S.E.2d 17, 20 (1995) (A court cannot grant relief on a theory that has not been pled).

[6] The counterclaim rule, Rule 3:9, permits the pleading of any counterclaim the defendant desires – whether transactionally related to the plaintiff's claim or completely unrelated. Contrary to Graham's suggestion, nothing in the wording or operation of Rule 3:9 would bar a defendant from pleading a claim for fee recovery – whether this right is viewed as ancillary to an underlying dispute or as a freestanding contractual cause of action – and the freedom of pleading for defendants embodied in Rule 3:9 is not in conflict with the requirement under Rule 3:25 that both plaintiffs *and* defendants must affirmatively plead attorney's fee claims.

[7] Claims for attorney's fees arise under a variety of legal doctrines, some are based in contract while others arise from a statute. State and federal courts have employed a variety of approaches in characterizing such claims, depending on the context, sometimes analogizing them to costs and other times to a freestanding legal claim. *Compare Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (noting that "[a]t common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party which are not generally treated as part of the merits judgment") (citation omitted), with *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1116-19 (10th Cir. 2009) (when contract contained a clause requiring a duty to defend and

recovery of fees is required to be pled under the clear language of Rule 3:25, and nothing in Code § 8.01-230, or Rule 3:9 forecloses the operation of a Rule designed, among other things, to require pleading of a claim for attorney's fees.

Virginia procedural statutes confirm that the Rules of Court are the statutorily specified mechanisms to govern pleading obligations in Virginia courts. *See* Code § 8.01-271 ("pleadings shall be in accordance with Rules of the Supreme Court"). Specifically, a defendant's pleading of claims against the plaintiff "shall be governed by the Rules of the Supreme Court of Virginia." Code § 8.01-272. Whether claims for recovery of fees are viewed as ancillary to other contract claims, or as a freestanding right, or functionally a "counterclaim," Code § 8.01-281 broadly states that a defendant's claims (whether for indemnity or based on contract, express or implied) "may be based on future potential liability, and it shall be no defense thereto that the party asserting such claim [or] counterclaim . . . has made no payment . . . arising out of the transaction or occurrence." Thus even if Graham's relationship with her own counsel did not require her to pay one cent prior to the verdict in the first action, she was accruing that obligation from the

_____

indemnify, action for attorney's fees incurred in defending underlying litigation was triable to a jury because it was "at bottom, a legal action for compensatory damages resulting from a breach of contract," and "[t]hat the measure of damages happens to be attorneys' fees does not in and of itself change the nature of [the] claim"); *see also Bowman v. Corbett*, 556 So. 2d 477, 479 (Fla. Dist. Ct. App. 1990) ("A contractual right to the recovery of attorney's fees is a substantive right which is ancillary to the main substantive right (the breach of contract cause of action). However, a contractual right to an award of attorney's fees is not a freestanding substantive right which may be pled for the first time after rendition of the final judgment in the main breach of contract claim."); *Vulcan v. United of Omaha Life Ins. Co.*, 715 A.2d 1169, 1180 (Pa. Super. Ct. 1998) (noting that under ERISA's statutory provision for attorney's fees, "a 'cause of action' for attorney's fees is not a freestanding legal claim, but rather a request for relief adjunct to a substantive claim"). As noted above, there is no need in the present case to address the nature of a contractually based claim for attorney's fees in the present case because, regardless of the characterization of such a claim, Rule 3:25 required Graham to plead her claim for fees in the underlying action.

7

outset and the Virginia statutes and Rules of Court in no way precluded her from pleading a claim for recovery of those accruing fees if she were to prevail, as Rule 3:25 required.

Under Graham's interpretation that there is no pleadable claim until final verdict in the action, it is hard to imagine an instance in which Rule 3:25 would ever apply. Contrary to prior law and clear provisions of the Rule, both parties could claim that no fee claim need be pled until final verdict in the common "prevailing party" situations under contractual fee recovery clauses. We reject an interpretation of the Rule that would render it a dead letter and defeat its essential purpose.

Requiring that attorney's fee claims be pled serves important functions. The Florida Supreme Court aptly observed that

> The fundamental concern is one of notice. Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a [claim] for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him.

*Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991) (citation and footnotes omitted). Under Rule 3:25, Graham was required to plead her claim that she should be awarded attorney's fee recovery under the Confidentiality Agreement, thus providing Community Management Corporation with notice of her claim for recovery of attorney's fees, just as it provided notice to her that it sought an award of fees if it prevailed. The formal written assertion of this claim in a pleading is important in implementing the trial court's powers under subpart (D) of Rule 3:25,

8

either on its own motion or upon the motion of any party, to "establish a procedure to adjudicate any claim for attorney's fees." Similarly, Code § 8.01-272 allows a court to order a separate trial for any claim, which would include a claim for attorney's fees. Rule 3:25 thus furthers the policy of encouraging effective judicial management of proceedings,[8] the goal of avoiding duplication in proceedings, the constitutional imperative to preserve any right of jury trial for the hearing of fee claims,[9] and the policy of facilitating complete settlements by requiring the parties to plead their various claims in a single action.

Rule 3:25(B) required Graham to make a demand for attorney's fees in the underlying litigation. She did not. Under the express language of Rule 3:25(C), this failure means that she has waived any claim for such fees. *Online Res. Corp.*, 285 Va. at 61-62, 736 S.E.2d at 898.

## CONCLUSION

We will affirm the judgment of the circuit court.

*Affirmed.*

---

[8] The determination of who is a "prevailing party" often requires nuanced evaluation of the proof, pleadings, pretrial and trial rulings and verdict dispositions in an action, making resolution of the fee claims in the same case in which liability is determined markedly more efficient for Virginia's legal system than having a second lawsuit review the details of the prior litigation. *See, e.g.*, *Online Res. Corp. v. Lawlor*, 285 Va. 40, 63, 736 S.E.2d 886, 899 (2013); *West Square, L.L.C. v. Communication Techs.*, 274 Va. 425, 433-37, 649 S.E.2d 698, 702-704 (2007); *Sheets v. Castle*, 263 Va. 407, 413, 559 S.E.2d 616, 620 (2002). Requiring that attorney's fee claims that will be predicated on prevailing in an action be pled also empowers the trial judge to work with the parties to arrange efficient and fair sequencing of proceedings to make the fee determinations.

[9] *See Lee v. Mulford*, 269 Va. at 567, 611 S.E.2d at 352 (noting that the party against whom fees are sought under a contractual provision has "the right . . . pursuant to Code § 8.01-336 to insist that the issue of attorney's fees be submitted to a jury").