SUPERIOR COURT 
 
 OLD IRONSIDES ENERGY LLC v. MARSH & MCLENNAN AGENCY LLC; MARSH LLC; MARSH USA INC.; JOHN KURKULONIS, JR.; AND EDWARD D. FITZGERALD

 
 Docket:
 1984CV00912-BLS2
 
 
 Dates:
 June 9, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND RELATED MOTIONS TO STRIKE VARIOUS THINGS
 
 

 This action concerns allegations that Old Ironsides Energy LLC asked Marsh & McLennan Agency LLC (“MMA”) to obtain insurance coverage for costs incurred in connection with potential investigations by the Securities & Exchange Commission, MMA arranged for such coverage for individuals but not for Old Ironsides itself, and as a result Old Ironsides has been left without insurance coverage for about $20 million in attorneys’ fees that it incurred over four years in connection with such an investigation.
Old Ironsides sued MMA and two of its employees for breach of contract, negligence, breach of fiduciary duty, negligent misrepresentation, and violating G.L. c. 93A, § 11. In its amended complaint, Old Ironsides also sued MMA’s parent and an affiliated company under c. 93A.
Judge Squires-Lee ordered that Old Ironsides may not present or have its expert witnesses rely upon parts of legal invoices it had deliberately withheld during discovery but decided, much later, would help prove its claims. The Court ruled more recently that as a result Old Ironsides is barred from seeking to introduce or otherwise using those documents in connection with any summary judgment motion, at trial, or otherwise.
The Court will allow Defendants’ motion to strike the opinions of Old Ironside’s damages expert because they are conclusory and speculative, and allow Defendants’ motion to strike that expert’s supplemental affidavit because it was served sixteen months too late and in any case is also conclusory and speculative. The Court will allow Defendants’ motion for summary judgment in their favor as to all claims because Old Ironsides cannot prove that it suffered compensable injury without admissible expert testimony that the attorneys’ fees it incurred during the SEC investigation were reasonable. All other motions to strike and motions for summary judgment are therefore moot.
 
                                                            -1-
 
1. Defendant’s Motion to Strike Expert Opinions on Fees. Defendants have moved to strike the original expert report by Old Ironside’s damages expert, Gregory S. Bruch, Esq., in its entirety. The Court will allow this motion in part with respect to Bruch’s opinions that the fees paid by Old Ironsides were reasonable, and Bruch’s summary of the time and scope of the SEC investigation. To the extent that the motion also seeks to strike Bruch’s explanation of SEC investigations in general, the Court concludes that portion of the motion should be denied as moot.
1.1. Legal Standards—Expert Testimony. Under Massachusetts common-law rules of evidence, the proponent of expert opinion testimony “must establish five foundational requirements before expert testimony will be admitted:” (1) the expert testimony will assist the trier of fact; (2) the witness is qualified as expert in the relevant area of inquiry; (3) the expert’s opinions are based on facts or data reasonably relied upon by experts in the relevant field (4) the process or theory underlying the opinion is reliable; and (5) the process or theory is applied to facts of case in reliable manner. See Commonwealth v. Barbosa, 457 Mass. 773, 783 (2010). “If a defendant contends that any of these foundational requirements is missing, the defendant may move in limine to prohibit the admission of the expert testimony and request a hearing” to determine whether the foundational requirement has been satisfied. Id.
In deciding whether an expert opinion may be considered at the summary judgment stage, courts must apply the same standards that govern the admissibility of expert testimony at trial. See Abdulky v. Lubin & Meyer, P.C., 102 Mass. App. Ct. 441, 452–453, rev. denied, 492 Mass. 1103 (2023) (ordering summary judgment for defendants because trial judge should have stricken plaintiff’s expert’s opinions from summary judgment record). That is because, “when a party seeks to meet their summary judgment burden by relying on expert affidavits, reports, or disclosures, those materials must meet rule 56(e)’s requirement that they set forth sufficient grounds to establish that the opinion ‘would be admissible in evidence.’ ” Id. at 453 n.14.
“[T]he burden is on the proponent of expert testimony to demonstrate its reliability, not on the opposing party to refute it.” Palandjian v. Foster, 446 Mass. 100, 112 n.17 (2006).
Trial court judges “have broad discretion in deciding whether to admit expert testimony.” Commonwealth v. Fitzpatrick, 463 Mass. 581, 603 (2012). In other words, “[t]he decision to exclude ‘expert testimony rests in the broad discretion
 
                                                            -2-
 
of the judge and will not be disturbed unless the exercise of that discretion constitutes an abuse of discretion or other error of law.’ ” Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 406 (2013), quoting Palandjian v. Foster, 446 Mass. 100, 104 (2006).
1.2. Opinion as to Reasonableness of Attorneys’ Fees. The Court will strike Attorney Bruch’s opinions about the reasonableness of attorneys’ fees billed to and paid by Old Ironsides in connection with the SEC investigation, at pages 7 through 10 of his report, because these opinions are not based on anything other than Bruch’s say-so. As discussed above, Bruch was unable to rely on detailed billing records because Old Ironside chose to withhold them during fact discovery. Nor does Bruch explain any other basis for his entirely conclusory opinions that the amounts paid by Old Ironsides were reasonable.
Bruch alludes in very general terms to the scope of work done on behalf of Old Ironsides by its outside counsel, independent counsel retained to represent certain individuals, and various consultants. He also provides a long list of documents that he says he reviewed. But Bruch does not explain why those documents or anything else show that it was reasonable for Old Ironsides to pay its attorneys over $20 million or to pay any of the other amounts that he references.
Old Ironsides has the burden of proving that Attorney Bruch’s opinions about the reasonableness of its legal expenses have some foundation other than “the ipse dixit [or say-so] of the expert.”[1] Commonwealth v. Hinds, 487 Mass. 212, 228 (2021), quoting General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). It has failed to do so. Where, as here, the proponent of expert testimony fails to explain the basis for the witness’s proposed opinions, then it has not met its burden of showing that the opinions have a reliable basis. Id.
“Expert opinion testimony may be excluded ‘where it amounts to no more than mere speculation or a guess from subordinate facts that do not give adequate support to the conclusion reached.’ ” Commonwealth v. Rintala, 488 Mass. 421,
 
--------------------------------------------
 
[1] “ ‘Ipse dixit’ is Latin for ‘He, himself, said it,’ and is used to identify an unsupported statement that rests solely on the authority of the person who makes it.” Heer v. Costco Wholesale Corp., 589 Fed.Appx. 854, 861 n.4 (10th Cir. 2014), quoting Black’s Law Dictionary 905 (9th ed. 2009). “Generally speaking, an ipse dixit is ‘something asserted but not proved.’ ” United States v. Alabama Power Co., 730 F.3d 1278, 1288 n.1 (11th Cir. 2013) (Hodges, D.J., dissenting), quoting Black’s Law Dictionary, supra.
 
                                                            -3-
 
444 (2021), quoting Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 406 (2013). That is because “an opinion must rest on evidence or data that provide ‘a permissible basis’ for an expert to formulate an opinion.” Barbosa, 457 Mass.  at 790, quoting Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 531 (1986).
In other words, “[a]n expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.” Minkina v. Frankl, 86 Mass. App. Ct. 282, 292 (2014) (court properly struck expert opinion as speculative), quoting The Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass. App. Ct. 509, 520 (1994).
Yet that is exactly what Attorney Bruch tries to do in his reasonableness opinions.
In the exercise of its broad discretion, the Court will exclude Attorney Bruch’s opinions as to the reasonableness of the attorneys’ fees and related expenses that Old Ironsides paid in connection with the SEC investigation because Bruch failed to disclose any meaningful basis for those opinions. See, e.g., Barron v. Fidelity Magellan Fund, 57 Mass. App. Ct. 507, 519–520 (2003) (affirming exclusion of expert opinion due to failure adequately to disclose basis).
1.3. Opinions Summarizing SEC Investigation of Old Ironsides. The Court will also strike Attorney Bruch’s description of the nature and scope of the SEC’s investigation, at pages 4 through 7 of his expert report, because it constitutes inadmissible hearsay.
Though an expert may rely upon hearsay information as part of the basis for their opinion, under Massachusetts law the expert is not competent to testify to that hearsay information on direct examination. See, e.g.,  Matter of P.R.,  488 Mass. 136, 143–144 (2021) Commonwealth v. Nardi, 452 Mass. 379, 392 (2008); Grant v. Lewis/Blyle, Inc., 408 Mass. 269, 273 (1990).
2. Defendants’ Motion to Strike Supplemental Expert Affidavit. When Old Ironsides responded to Defendants’ summary judgment motion as to damages on April 7, 2025, it included a short additional affidavit in which Bruch asserted one additional opinion, stating that the materials he relied upon in forming his prior opinions “are typical of what, based on my experience and professional judgment, professionals would rely on to assess the reasonableness of fees incurred in defense of SEC investigations and litigation.”
The Court exercises its discretion to strike this supplemental affidavit for two, independent reasons.
 
                                                            -4-
 
First, Old Ironsides provided this further disclosure of expert opinions sixteen months after the final deadline for doing so.
Taking into account several extensions sought by the parties, the court ordered that each party with the burden of proof on any issue produce their experts’ reports and disclosures by December 1, 2023, and that each side produce any rebuttal expert reports by January 19, 2024. Old Ironsides apparently produced Attorney Bruch’s original expert report a few days late.
Old Ironsides may not seek to expand the scope of Bruch’s expert testimony by suddenly revealing an expanded expert disclosure in an attempt to defeat Defendants’ summary judgment motion. Parties are not free to ignore and violate scheduling orders and deadlines set by the court.
The Court has broad discretion and inherent power to enforce its orders and manage its docket “to achieve the orderly and expeditious disposition of cases.” Sommer v. Maharaj, 451 Mass. 615, 621 (2008), quoting Link v. Wabash R.R., 370 U.S. 626, 630–631 (1962). It will exercise this discretion and authority to strike the new affidavit from Attorney Bruch because Old Ironsides provided this further disclosure of expert opinions long after the court-imposed deadline for doing so.
In any case, the additional opinion offered by Attorney Bruch is even more conclusory and speculative than his original opinions. Though Bruch asserts, “based on [his] experience and professional judgment,” that other professionals “would” rely upon similar documentation to assess the reasonableness of fees incurred during an SEC investigation, nowhere does Bruch provide any evidence that he actually has any familiarity with expert opinions by other professionals about the reasonableness of fees incurred in similar investigations. Old Ironsides has therefore not met its burden of showing that Bruch has sufficient expertise to reach such a conclusion.
Since Bruch is offered as an expert witness, Old Ironsides must prove that he “is qualified as an expert in the relevant area of inquiry.” Barbosa, 457 Mass.  at 783. “The crucial issue, in determining whether a witness is qualified to give an expert opinion, is whether the witness has sufficient education, training, experience and familiarity with the subject matter of the testimony.” Reckis v. Johnson & Johnson, 471 Mass. 272, 292 (2015), cert. denied, 136 S. Ct. 896 (2016) (internal quotation marks omitted), quoting  Commonwealth  v.  Richardson,  423 Mass. 180, 183 (1996). An individual who lacks any real expertise in the
 
                                                            -5-
 
subject matter of their proposed testimony is not qualified to provide any expert opinion. See, e.g., El Chaar v. Chehab, 78 Mass. App. Ct. 501, 508 (2010) (affirming ruling of trial judge that witness lacked expertise needed to testify as an expert in Lebanese law).
Old Ironsides has not shown that Bruch has any actual knowledge about the kinds of documents that other professional review to determine whether attorneys’ fees incurred in response to an SEC investigation were reasonable.
3. Defendants’ Motion for Summary Judgment on Damages. Old Ironsides bears the burden of proving that it suffered some compensable injury as an element of each of its claims. See, e.g., Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 690 (2016) (breach of  contract);  Donovan  v.  Philip  Morris  USA,  Inc.,  455 Mass. 215, 221–222 (2009) (negligence); Eisenstein v. David G. Conlin, P.C., 444 Mass. 258, 267 (2005) (breach of fiduciary duty); Nota Const. Corp. v. Keyes Assocs., Inc., 45 Mass. App. Ct. 15, 19–20 (1988) (negligent misrepresentation); Lumbermens Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468 (1995) (G.L. c. 93A § 11).
Old Ironsides contends that MMA erred by obtaining “formal investigations” coverage that only protected individuals and did not cover Old Ironsides itself, and that as a result it suffered injury by having to pay some $20 million in attorneys’ fees incurred in connection with an SEC investigation that would have been paid by insurance if MMA had obtained the correct coverage.
If insurance coverage had been procured to cover this risk, Old Ironsides would have been entitled to recover reasonable attorneys’ fees incurred in responding to the SEC investigation. See generally John Moriarty & Assocs., Inc. v. Zurich Amer. Ins. Co., 102 Mass. App. Ct. 474, 480º481 (2023). Indeed, the policy that MMA obtained to provide formal investigations coverage for Old Ironsides management staff covers “reasonable and necessary fees, costs and expenses” incurred as a result of a covered investigation.
Where an insurer becomes liable to pay reasonable attorneys’ fees under an insurance policy or for breach of an insurance policy, “[t]he basic measure of reasonable attorney's fees is a ‘fair market rate for the time reasonably spent preparing and litigating a case.’ ” Global Investors Agent Corp. v. Nat'l Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 828 (2010), quoting Stowe v. Bologna, 417 Mass. 199, 203 (1994), quoting in turn Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993). Thus, as an element of its claim, Old Ironsides must prove that the
 
                                                            -6-
 
amount of time spent and the rates charged by its counsel were reasonable under the circumstances.
The Court concludes that, in the context of this case, Old Ironsides must present competent expert testimony in order to establish that the fees it incurred during the SEC investigation were reasonable.
“Expert testimony is required where an inference is ‘beyond [the] common knowledge and experience of the ordinary layperson” (cleaned up). Commonwealth v. Walters, 485 Mass. 271, 291 (2020), quoting Commonwealth v. Scott, 464 Mass. 355, 363 (2013).
For example, “[e]xpert testimony is generally necessary to establish that an attorney failed to meet the standard of care owed in the particular circumstances.” Kiribati Seafood Co., LLC v. Dechert LLP, 478 Mass. 111, 117 (2017), quoting Global NAPs, Inc. v. Awiszus, 457 Mass. 489, 500 (2010).
Similarly, where legal work involves matters that are “beyond the reach of ordinary knowledge by a lay jury,” expert testimony is required to establish whether the services rendered were necessary and whether the attorneys’ fees incurred to perform that work were reasonable. See St. Onge, Stewart, Johnson and Reens, LLC v. Media Group, Inc., 851 A.2d 1242, 1247–1249 (Conn. App.), cert. denied, 271 Conn. 918 (2004); accord American Medical Transp. Grp., Inc. v. Glo- An, Inc., 509 S.E.2d 738, 741 (Ga. Ct. App. 1998); Carson Fischer PLC v. Mettler Walloon LLC, 2015 WL 2090650, at *6 (Mich. Ct. App. May 5, 2015); Securus Technologies, Inc. v. Global Tel*Link Corp., 676 Fed.Appx. 996, 1002 (Fed. Cir. 2017) (applying Texas law, and citing cases); Lee v. Mulford, 611 S.E.2d 349, 350– 351 (Va. 2005).
Since Old Ironsides has the burden of presenting competent expert testimony that the attorneys’ fees and costs that it seeks to recover were reasonable, and has failed to muster any such evidence, Defendants are entitled to judgment in their favor as a matter of law on all claims against them. “A nonmoving party’s failure to establish an essential element of her claim ‘renders all other facts immaterial’ and mandates summary judgment in favor of the moving party.” Roman v. Trustees of Tufts College, 461 Mass. 707, 711 (2012), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
 
                                                            -7-
 
ORDERS
Defendants’ motion to strike portions of plaintiff’s joint appendix for its motion for summary judgment (docket no. 193) is allowed in part to the extent Defendants ask the Court to strike the expert opinions of Gregory S. Bruch, Esq., that summarize the SEC investigation of Plaintiff and that assert the fees and expenses paid by Plaintiff were reasonable. The remainder of this motion is denied as moot.
Defendants’ motion to strike the April 7, 2025, affidavit of Attorney Bruch (docket no. 235) is allowed.
Defendants’ motion for summary judgment on damages—which was filed by March & McLennan Agency LLC, John Kurkolonis, Jr., and Edward D. Fitzgerald (see docket no. 206), and joined in by Marsh USA Inc. and March LLC (the “Marsh Defendants”) (see docket no. 197 and docket no. 198, at p.1, n.1)—is allowed.
The remainder of the Marsh Defendants’ separate motion for summary judgment (docket no. 197) is denied as moot. Plaintiffs’ motion for summary judgment (docket no. 184) is also denied as moot.
Final judgment shall enter in favor of Defendants on all claims, providing that Plaintiff shall take nothing.